UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01797-TWP-MJD |
| | ) |
| SKYLINE RV GROUP LLC, | ) |
| *et al.* | ) |
| Defendants. | ) |

**ORDER REGARDING MOTION TO APPEAR** *PRO HAC VICE*

This matter comes before the Court on a motion to appear *pro hac vice* filed by attorney Albert Brooks Friedman. [Dkt. 4.] For multiple reasons, that motion is **DENIED**, without prejudice to its resubmission in compliance with the Local Rules of the Court.

First, with regard to Mr. Friedman, the motion fails to comply with Local Rule 83-6(a)(2), which requires that the motion include a specific statement regarding the disciplinary history of the attorney seeking admission; the language of that rule must be tracked exactly, therefore, the representation made by Mr. Friedman in the motion that "there are no pending disciplinary proceedings against him in any state of federal court." fails entirely to comply with the requirements of the Local Rule.

Second, the motion is devoid of the certification required by Local Rule 83-6(a)(3).

Third, Local Rule 83-6(b) authorizes the attorney seeking admission to file the motion seeking *pro hac vice* admission. Mr. Friedman may, therefore, move for his own admission. He may not, however, move for the admission of another attorney prior to his own admission. A motion filed by an admitted attorney must be accompanied by a certification signed by the attorney whose *pro hac vice* admission is sought. S.D. Ind. L.R. 83-6(b)(2). If James J.

Lessmeister seeks admission to this Court *pro hac vice*, he should either so move on his own behalf, complying with all of the requirements of the Court's Local Rules, or any such motion filed by an attorney who has been admitted must comply with Local Rule 83-6(b)(2).

Fourth, Local Rule 83-6 requires payment of the required *pro hac vice* admission fee. Mr. Friedman's motion was only accompanied by one $30.00 *pro hac vice* admission fee. Such would only be sufficient to allow the admission of one attorney. Accordingly, if Mr. Lessmeister subsequently seeks *pro hac vice* admission, he will also need to pay the required fee.

Fifth, Local Rule 5-5(d) requires that any routine or uncontested motion, such as a motion for admission *pro hac vice*, be accompanied by a proposed order. Mr. Friedman's motion was not accompanied by a proposed order.

Compliance with the Court's Local Rules is required. The Court notes that it may require an attorney residing outside the district to retain an attorney who resides in this district as local counsel. S.D. Ind. L.R. 83-6(c). Such would likely become necessary if Defendants' counsel fail to familiarize themselves and comply with the Court's Local Rules. The attorneys are further advised to review the Court's website under the section on attorney admission information for additional information on the filing of *pro hac vice* motions: http://www.insd.uscourts.gov/attorney-admission-information .

So ordered.

Dated: 23 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Albert Brooks Friedman
161 North Clark Street
Suite 2575
Chicago, IL 60601

Christopher M. Trapp
NEXTGEAR CAPITAL, INC.
ctrapp@nextgearcapital.com

Michael G Gibson
NEXTGEAR CAPITAL, INC.
michael.gibson@nextgearcapital.com