UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01797-TWP-MJD |
| | ) | |
| SKYLINE RV GROUP LLC, | ) | |
| BRANDY M. VRANEY, | ) | |
| KIM T. DIFILIPPO, | ) | |
| BRANDON M. DIFILIPPO, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

Defendants' notice of removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The notice of removal alleges that the Court has jurisdiction based upon diversity of citizenship. However, the notice of removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

First, the notice of removal does not sufficiently allege the Defendants' citizenship. Instead, the notice of removal merely alleges that the Defendants are "residents" of Illinois. (Filing No. 1 at 2.) This allegation of residency is not sufficient to allow the Court to determine whether diversity jurisdiction exists. *See McHanon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("[a]n allegation of residence is inadequate"); *Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

Second, the notice of removal neither sufficiently identifies the members of Defendant, Skyline RV Group, LLC, nor adequately alleges their citizenship.  For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well. *Id.*

To remedy these errors, the Court **ORDERS** the Defendants to file a supplemental jurisdictional statement to sufficiently establish this Court's jurisdiction over this case. The Defendants' statement must accurately allege the citizenship of each Defendant. The Defendants' jurisdictional statement is due **14 days** after the date of this entry.

**SO ORDERED.**

Date: 11/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Albert Brooks Friedman
161 North Clark Street
Suite 2575
Chicago, IL 60601

Christopher M. Trapp
NEXTGEAR CAPITAL, INC.
ctrapp@nextgearcapital.com

Michael G Gibson
NEXTGEAR CAPITAL, INC.
michael.gibson@nextgearcapital.com