UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:15-cv-01797-TWP-MJD |
| SKYLINE RV GROUP LLC, *et al.* | ) |
| Defendants. | ) |

**ORDER REGARDING MOTIONS TO APPEAR *PRO HAC VICE***

This matter came before the Court on the motions of Albert Friedman and James Lessmeister to appear *pro hac vice* on behalf of the Defendants in this matter. On November 16, 2015, Mr. Friedman filed a motion seeking leave for both Mr. Lessmeister and himself to appear *pro hac vice*. [Dkt. 4.] On November 23, 2015, the Court issued an order denying Mr. Friedman's motion without prejudice to its resubmission. [Dkt. 5.] The Court's November 23, 2015 order described in detail the multiple deficiencies in Mr. Friedman's original motion. [*Id.*]

On November 23, 2015, Mr. Friedman and Mr. Lessmeister filed a subsequent set of motions seeking leave to appear *pro hac vice*. [Dkts. 7 & 8.] Those motions, which were clearly filed before counsel's receipt of the Court's November 23, 2015 order, corrected two of the deficiencies identified in the original motion, but failed to correct the first, second and fifth deficiencies identified in that order. [Dkt. 5 at 1-2.] Accordingly, the motions filed at Docket Nos. 7 and 8 are **DENIED**.

Subsequently, Mr. Friedman filed yet another motion to appear *pro hac vice* on December 7, 2015. That motion still fails to comply with Local Rule 83-6(a)(3), which requires as follows: "The attorney requesting admission must certify that he or she has reviewed the

*Seventh Circuit Standards of Professional Conduct* and the Local Rules of the court, including the Rules of Disciplinary Enforcement, and will abide by those rules." S.D. Ind. L.R. 83-6(a)(3). Mr. Friedman's failure to include this certification is particularly disappointing for multiple reasons. First, as noted, the requirement for the certification is clearly and unequivocally set forth in the Court's Local Rules. Second, the missing certification was identified as the second deficiency in Mr. Friedman's original motion in the Court's November 23, 2015 order. [Dkt. 5 at 1.] Third, the Court's November 23, 2015 order further stated as follows: "The attorneys are further advised to review the Court's website under the section on attorney admission information for additional information on the filing of *pro hac vice* motions: http://www.insd.uscourts.gov/ attorney-admission-information." [Dkt. 5 at 2.] A review of the identified link on the Court's web site would have revealed a model motion to appear *pro hac vice* and a model proposed order, both of which comply with the Court's Local Rule, had Mr. Friedman elected to use them. Mr. Friedman's failure to comply with the detailed guidance in the Court's November 23, 2015 order has necessitated a further waste of the Court's time in addressing yet another facially deficient motion. Mr. Friedman's Amended Motion to Appear *Pro Hac Vice* [Dkt. 11] is **DENIED**.

Dated: 14 DEC 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Albert Brooks Friedman
161 North Clark Street
Suite 2575
Chicago, IL 60601

all electronically registered counsel