IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. 1:15-cv-01797-TWP-MJD <br> ) <br> SKYLINE RV GROUP LLC, ) <br> BRANDY M. VRANEY, KIM T. ) <br> DIFILIPPO, and BRANDON ) <br> M. DIFILIPPO, ) <br> Defendants. ) | |

**MOTION TO TRANSFER TO NORTHERN DISTRICT OF ILLINOIS
PURSUANT TO 28 USC § 1404(a)**

Pursuant to 28 U.S.C § 1404(a), Defendants SKYLINE RV GROUP, LLC, BRANDY M. VRANEY, KIM T. DIFILIPPO, and BRANDON M. DIFILIPPO, through their attorney JAMES J. LESSMEISTER, hereby move this Honorable Court to transfer the above-captioned action from the United States District Court for the Southern District of Indiana, Indianapolis Division to the United States District Court for the Northern District of Illinois. In support of this Motion, Defendants respectfully state as follows:

**MAY IT PLEASE THE COURT**

It is in the best interest of judicial economy and the parties for this matter to be litigated in the Northern District of Illinois.

On October 7, 2015, Plaintiff filed a lawsuit in the Hamilton County Superior Court, captioned *NEXTGEAR CAPTAL, INC. V. SKYLINE RV GROUP, LLC, BRANDY M. VRANEY, KIM TI. DIFILIPPO and BRANDON M. DIFILIPPO*. The lawsuit seeks to collect $204,852.20 from four Defendants alleging a breach of

contract by SKYLINE RV GROUP, LLC and breach of guaranty of notes by BRANDY M. VRANEY, KIM T. DIFILIPPO, and BRANDON M. DIFILIPPO, all citizens of Illinois.

The contract upon which the Plaintiff is alleging breach was signed in Illinois, as were the guarantees which were notarized by Plaintiff's own employee, in Illinois.  Parenthetically, the only connection this matter has to Indiana is that the contract gives Hamilton County, Indiana jurisdiction over all matters arising under the note.  Plaintiff is a Delaware Corporation which floorplans vehicles and probably does more business in Cook County, Illinois than Hamilton County, Indiana.

Removal of this matter to the Southern District of Indiana was proper for this Honorable Court has original jurisdiction over this action based on diversity of citizenship of the parties pursuant to 28 U.S.C § 1446(d). There is complete diversity of citizenship between Plaintiff and Defendants as the Defendants are citizens of the State of Illinois, Northern District, and Plaintiff is a Delaware corporation whose principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032, and the amount in controversy exceeds the jurisdictional amount.

The law says that a District Court may only grant a Defendants' Motion to Transfer venue if venue would have been proper in the transferee district court and if that district court could have exercised personal and subject matter jurisdiction over the action.  *Mitel Networks Corp. v. Facebook, Inc.,* 943 F.Supp.2d 463 (D. Del. 2013)(Where the District Court approved transfer of a

matter from Delaware to California in the interest of judicial economy and for the convenience of the parties and witnesses, reasoning that the matter could have been brought there). This matter could have been properly brought in the Northern District of Illinois, and should have in the interest of the parties.

### TRANSFER OF THIS LITIGATION TO THE NORTHERN DISTRICT OF ILLINOIS IS WARRANTED

28 USC § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Transfer of case for convenience of parties and witnesses is authorized only if the Plaintiffs had an unqualified right to bring the action in the transferee forum originally; the transferee court must have had power to command jurisdiction over all Defendants. *Watwood v. Barber,* 70 F.R.D. 1 (N.D.Ga. 1975)(Where on a motion to reconsider a case was sent back to the jurisdiction where the Defendants resided, for the Court held the Defendants had no contacts with the transfer district at the time the complaint was filed).

Notwithstanding, the jurisdiction and venue clause contained in the form agreement contract was signed in the Northern District of Illinois. The clause also contains the following:

> "Borrower acknowledges and argues that lender reserves the right to initiate and prosecute any action against borrower in any court of competent jurisdiction, and borrower consents to such forum as lender may elect." This clause is attached as **Exhibit A**.

It is well established that forum selection clauses are presumed to be valid and should be enforced unless the resisting party shows that enforcement is unreasonable under the circumstances.  See, *Hugel v. Corp. of Lloyd's*, 999 F. 2d 206, 210 (7th Cir. 1993)(Where a forum selection clause mandating England as the chosen forum for all disputes was enforced).  The law says that forum selection clauses can be either mandatory or permissive.  *Saxena v. Virtualabs, Inc.*, No. 01-C-9905, 2002 U.S. Dist. LEXIS 8656 at *5,6 (N.D.Ill. May 15, 2002)(Where the Court held that a permissive forum selection clause evidences the parties' intent that the chosen state is possible, but that the forum is not the sole arena in which a suit can be filed).

Here, the forum selection clause in the parties' alleged agreement, does not mandate any particular court or forum for the parties' action.  Rather, the forum may be any court of competent jurisdiction, or any forum that the Plaintiff may select. See **Exhibit A**. The Southern District of Indiana was not selected by the Plaintiff, and is inconvenient for both parties. Here, transfer is proper and this action should be transferred from the Southern District of Indiana to Northern District of Illinois as all of the Defendants are citizens of Illinois, the transactions complained of all occurred in Illinois and justice and the convenience of the parties and witnesses warrant transfer of this matter to the Northern District of Illinois. See *Stevens Yachts of Annapolis, Inc. v. American Yacht Charters, Inc.,* 571 F.Supp. 467 (E.D.Pa. 1983) (Where in a civil diversity action brought by Maryland corporation against Virgin Islands and Texas corporations, the Court transferred the action from the Eastern District of

Pennsylvania to Maryland for the convenience of the parties and witnesses and in interests of justice.)

## CONCLUSION

Wherefore, Defendants respectfully request a change of venue of this action pending in the Southern District of Indiana to the Northern District of Illinois.

 

Respectfully submitted,
s/James J. Lessmeister
James J. Lessmeister
Lessmeister & Associates
105 W. Adams, Suite 2020
Chicago, IL 60603
(312) 929-2630

## **CERTIFICATE OF SERVICE**

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served with a copy of Defendant's Motion to Transfer Venue via electronic mail to the person(s) listed below on January 7, 2015 at the address listed below.

Christopher M. Trapp
1320 City Center Dr., Suite 100
Carmel, IN 46032

Michael Gibson
1320 City Center Dr., Suite 100
Carmel, IN 46032

                                          Respectfully submitted,
                                          s/James J. Lessmeister
                                          James J. Lessmeister
                                          Jimmy A. Samad
                                          Lessmeister & Associates
                                          105 W. Adams, Suite 2020
                                          Chicago, IL 60603
                                          (312) 929-2630