UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPTITAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01797-TWP-MJD |
| ) | |
| SKYLINE RV GROUP LLC, ) | |
| BRANDY M. VRANEY, ) | |
| KIM T. DIFILILPPO, and ) | |
| BRANDON M. DIFILIPPO, ) | |
| ) | |
| Defendants. ) | |

**OBJECTION TO MOTION TO TRANSFER VENUE**

Plaintiff, NextGear Capital, Inc. ("NextGear Capital"), by and through the undersigned counsel, hereby object to the *Motion to Transfer to Northern District of Illinois Pursuant to 28 U.S.C. 1404(a)* (Doc. 20) ("Motion to Transfer Venue"). In support, NextGear Capital states the following:

**Summary of Argument**

Plaintiff's complaint seeks damages from defendant Skyline RV Group LLC ("Skyline RV") for unpaid sums due and owing under a promissory note (the "Note"), and damages from the remaining defendants for breach of their respective personal guaranties of the Note (collectively, the "Guaranties"). The Note and the Guaranties contain clear, unambiguous clauses wherein the Defendants expressly submit to the venue of the state and federal courts in Marion County and Hamilton County, Indiana and further waive any objection based upon *forum non conveniens*. Under Seventh Circuit precedent, explained herein, when a defendant has contractually agreed to venue and to waive the right to assert *forum non conveniens*, the defendant cannot obtain transfer of a case unless he meets his burden of proving that: (1) the forum selection

clause's incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court; or (3) the enforcement of the forum selection clauses would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision. Notwithstanding this tough burden of proof, Defendants' submit no evidence to support the slightest inference that transfer is appropriate.

## Argument

In both the promissory note and individual guaranties that are the subject matter of this case, the Defendants submit to the jurisdiction of the State and Federal Courts in Marion County, Indiana, <u>and</u> further waive any right to seek a transfer of venue based upon *forum non conveniens*. Specifically, paragraph 21 of the promissory note provides:

> As evidenced by [Dealer]'s signature below, [Dealer] submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana and agrees that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note, initiated by [Dealer] against [NextGear Capital], shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana. Further, [Dealer] expressly consents to the jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana as to any legal or equitable action that may be brought in such court by [NextGear Capital], and waives any objection based upon lack of personal jurisdiction, improper venue, or forum non conveniens with respect to any such action.

(Complaint, Ex. A, pg. 10).

Similarly, each of the Guaranties provide the following clauses:

> As evidenced by Guarantor's signature below, Guarantor submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that any and all claims or disputes pertaining to this Guaranty, or to any matter arising out of or related to this Guaranty, initiated by Guarantor against Lender, shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana. Further, Guarantor expressly consents to the jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, as to any legal or equitable action

>that may be brought in such court by Lender, and waives any objection based upon lack of personal jurisdiction, improper venue or forum non conveniens with respect to any such action. Guarantor acknowledges and agrees that Lender reserves the right to initiate and prosecute any action against Guarantor in any court of competent jurisdiction, and Guarantor consents to such forum as Lender may elect.

(Complaint, Ex. B, pg. 4, Ex. C, pg. 4, Ex. D, pg. 4).

In *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Supreme Court held that a freely-negotiated *mandatory* forum selection clause is enforceable unless the party challenging its enforcement can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for reasons such as fraud or overreaching," or that "the trial in the [chosen] forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Applying these standards together with standards articulated in later Supreme Court cases, the Seventh Circuit has ruled that a forum selection clause is presumptively valid and enforceable unless (1) "[its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) [its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *Bonny v. Society of Lloyd's*, 3 F.3d 156,160 (7th Cir. 1993). The party seeking to challenge the enforceability of the clause bears the "heavy burden" of "show[ing] that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."[5] *Bremen,* 407 U.S. at 18, 19.

In *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. Ill. 2001), a litigant argued that *Bremen* and *Bonny* should not apply to cases involving forum selection clauses that are *permissive*, rather than *mandatory*. In rejecting this argument, the Seventh Circuit ruled that:

> We have held that by agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or inconvenience to itself. It would seem incongruous to conclude that a party does not similarly waive such objections when he agrees to a permissive forum selection clause which specifically provides for the waiver of convenience-based objections to suits brought in a particular venue. The forum selection clause and the waiver provisions at issue here were part of a lease that was freely negotiated between sophisticated international corporations. Whatever inconvenience VH would suffer by being forced to litigate in a court in Illinois was foreseeable at the time that it agreed to waive objections based on such factors. Under these circumstances, we conclude that the stricter standards announced in *Bremen* and *Northwestern Int'l* should control the analysis of the appellees' *forum non conveniens* motion.

*Id*. at 525-526.

Based on the foregoing authorities, the Court does not need to analyze whether the forum selection clauses in the Note and Guaranties are permissive or mandatory because the standard of review is the same in light of the Defendants' waivers of the right to assert forum *non conveniens*, Accordingly, Defendants' Motion to Transfer Venue must fail unless they can set forth one of the three (3) factors set forth in *Bonny*.

Nonetheless, Defendants articulate no compelling reason whatsoever why venue of this case should be transferred to the Northern District of Illinois.[1] The Motion to Transfer Venue simply argues, in generalized terms, that,

> transfer is proper and this action should be transferred from the Southern District of Indiana to Northern District of Illinois as all of the Defendants are citizens of Illinois, the transactions complained of all occurred in Illinois and justice and the convenience of the parties and witnesses warrant transfer of this matter to the Northern District of Illinois.

Even if the Court accepts these statements as true, this argument would fall woefully short of meeting the burden of proof under *Bonny* to warrant transfer. However, the Defendants do not even present enough facts to justify requesting the court accept their arguments regarding "justice"

---

[1] Defendants do not submit any affidavits or other evidence in connection with their motion, and the deadline to do so has passed. F.R.C.P 6(c)(2).

4

or "convenience of the parties and witnesses" as true. For instance, what witnesses are located in Illinois that cannot be compelled to appear in Indiana? What evidence is located in Illinois that cannot be produced in Indiana? If this action is tried in Indiana, how will any party be prejudiced? Why is it more convenient for "the parties" (which ostensibly insinuates NextGear Capital as well) to litigate this case in Illinois?

Put simply, a party cannot meet his or her "heavy burden" of invalidating the forum selection clause by using a familiar litany of super-generic phrases such as "justice . . . warrants transfer of the matter." Likewise, merely because the Defendants reside in Illinois and the contract was signed in Illinois is not close to sufficient evidence to warrant transfer of this action.

For these reasons, the Motion to Transfer should be denied.

**WHEREFORE**, NextGear Capital respectfully requests the court deny the *Motion to Transfer to Northern District of Illinois Pursuant to 28 U.S.C. 1404(a)*, and grant all other just and proper relief in the premises.

                NEXTGEAR CAPITAL, INC.
                *Plaintiff*

By: /s/ Michael G. Gibson
     Christopher M. Trapp (#27367-53)
     Michael G. Gibson (#29655-49)
     NextGear Capital, Inc.
     1320 City Center Drive, Suite 100
     Carmel, IN  46032
     (317) 571-3736/Fax: (317) 571-3737
     chris.trapp@nextgearcapital.com
     michael.gibson@nextgearcapital.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically on January 20, 2016. Notice of this filing will be sent to the following through the Court's Electronic Case Filing System.

| | |
|---|---|
| James J. Lessmeister | jlessmeister@lessmeisterlaw.com |
| Albert Brooks Friedman | abfltd@aol.com |

                                                /s/ Christopher M. Trapp
                                                   Christopher M. Trapp