UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SKYLINE RV GROUP LLC, )<br>BRANDY M. VRANEY, )<br>KIM T. DIFILILPPO, and )<br>BRANDON M. DIFILIPPO, )<br>)<br>Defendants. ) | Case No.  1:15-cv-01797-TWP-MJD |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

    A.    Plaintiff:    NextGear Capital, Inc.

          Defendants:    Skyline RV Group, LLC
                           Brandy M. Vraney
                           Kim T. Difilippo
                           Brandon M. Difilippo

    B.    Plaintiff counsel:    Christopher M. Trapp
                                   NextGear Capital, Inc.
                                   1320 City Center Drive, Suite 100
                                   Carmel, IN  46032
                                   (317) 571-3736/Fax: (317) 571-3737
                                   chris.trapp@nextgearcapital.com

                                   Michael G. Gibson
                                   NextGear Capital, Inc.
                                   1320 City Center Drive, Suite 100
                                   Carmel, IN  46032
                                   (317) 660-2507/Fax:  (317) 571-3737
                                   michael.gibson@nextgearcapital.com

       Defendants' counsel:  Albert Brooks Friedman
Albert Brooks Friedman, Ltd.
161 North Clark Street, Suite 2575
Chicago, IL 60601
(312) 782-0282/Fax: (312) 704-4496
abfltd@aol.com

James J. Lessmeister
LESSMESITER & ASSOCIATES
105 W. Adams Street, Suite 2020
Chicago, IL 60603
(312) 351-4620
jelessmeister@lessmeisterlaw.com

## II. Jurisdiction and Statement of Claims

A. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

B. Plaintiff is a "floor plan lender" that provides secured loans to car dealers and wholesalers to acquire and/or retain inventory for resale. On May 14, 2013, defendant Skyline RV Group LLC ("Dealer") executed a secured promissory note (the "Note") in favor of Plaintiff, pursuant to which Dealer was given a $225,000.00 revolving line of credit to buy recreational vehicles. The Note grants Plaintiff a security interest in Dealer's inventory. Plaintiff perfected its security interest by filing a UCC-1 Financing Statement. The remaining defendants executed personal guaranties of the Note. Dealer defaulted under the Note, and Plaintiff filed suit to collect the sums due under the Note and corresponding guaranties. Specifically at issue in this case are loan advances under the Note pertaining to twelve (12) vehicles. Of those twelve (12) vehicles, nine (9) were sold "out of trust" in contravention of the terms of the Note, meaning that Dealer sold the nine (9) vehicles to consumers, but failed to hold the proceeds from the collateral sales in trust, or to remit them to NextGear Capital. The remaining three (3) vehicles have been sold at auction in accordance with the Uniform Commercial Code, and Plaintiff is seeking a deficiency judgment.

C. KIM T. DIFILILPPO, BRANDON M. DIFILIPPO and BRANDY M. VRANEY were guarantors and not involved in the day to day operation of SKYLINE and relied on the auditor employees of Plaintiff, NEXTGEAR CAPTITAL, INC., TO PROTECT THEIR MONEY. In violation of its obligations the monthly auditors failed to audit the inventory properly, if at all, and as a result, BRANDY M. VRANEY, KIM T. DIFILILPPO, and BRANDON M. DIFILIPPO became liable on their guarantees when they should not have been had Plaintiff's monthly audits taken place. In addition, KIM T. DIFILILPPO only guaranteed $50,000.00 and his signature purportedly raising the guarantee isn't his signature nor did he consent to raising the guaranty.

    D.       On or before **September 26, 2016**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), Plaintiff shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.**      **Pretrial Pleadings and Disclosures**

    A.       The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 22, 2016**.

    B.       Plaintiff shall file preliminary witness and exhibit lists on or before **February 29, 2016**.

    C.       Defendants shall file preliminary witness and exhibit lists on or before **March 7, 2016**.

    D.       All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 15, 2016**.

    E.       Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 29, 2016**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov.

    F.       Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 16, 2016**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 16, 2016**.

    G.       If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

    H.       Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **March 3, 2017**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any

3

such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 16, 2016**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information ("ESI") will be produced in .pdf format.

The parties do *not* believe there will be a substantial volume of ESI produced in this case. If Plaintiff requests discovery, it will seek, *inter alia*, production of (1) bills of sale pertaining to all of the vehicles at issue in this case, (2) "deal jackets" (i.e. all state mandated documents required to be maintained by an automotive dealer), and (3) payment records, as well as admissions, interrogatory responses, and deposition testimony from the Dealer's principals and the guarantors. If Defendants request discovery, they will seek, *inter alia*, the auditors, notary and some written discovery as to plaintiff's prior experiences with vehicle out of trust ,the measures taken to prevent it from reoccurring , its assurances or disclosures to the guarantors and other general matters

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of

    A.      Plaintiff expects to file a motion for summary judgment on the grounds that the case involves contractual interpretation and the non-payment of loans, and is therefore the type of dispute that can easily be resolved by summary judgment. Defendants will file an answer, affirmative defense and counterclaim consistent with their IIC responsive statement.

    B.      Select the track that best suits this case:

    _____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by_____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

 **XX**   Track 2: Dispositive motions are expected and shall be filed by no later than **October 17, 2016**; non-expert witness discovery and discovery relating to liability issues shall be completed by no later than **September 16, 2016**; expert witness discovery and discovery relating to damages shall be completed by no later than **February 17, 2017**.

    _____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by_____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

    _____ Track 4: Dispositive motions shall be filed by_____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____ ; expert witness discovery shall be completed by_____ . [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the

---

Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in Fall 2016.**

VI. **Trial Date**

The parties request a trial date in **July, 2017**.  The trial is by **Court** and is anticipated to take **1 day**.

VII. **Referral to Magistrate Judge**

   A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

   B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to

>   offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.
>
> 3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.
>
> 4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**   **Other Matters**

   No other matters.

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.<br>*Plaintiff* | SKYLINE RV GROUP, LLC; BRANDY M. VRANEY; KIM T. DIFILIPPO and BRANDON M. DIFILIPPO<br>*Defendants* |
| By:/s/ Michael G. Gibson<br>   Christopher M. Trapp (#27367-53)<br>   Michael G. Gibson (#29655-49)<br>   NextGear Capital, Inc.<br>   1320 City Center Drive, Suite 100<br>   Carmel, IN  46032<br>   (317) 571-3736/Fax: (317) 571-3737<br>   chris.trapp@nextgearcapital.com<br>   michael.gibson@nextgearcapital.com | By:/s/ Albert Brooks Friedman<br>   Albert Brooks Friedman<br>   Albert Brooks Friedman, Ltd.<br>   161 North Clark Street, Suite 2575<br>   Chicago, IL  60601<br>   (312) 782-0282/Fax:  (312) 704-4496<br>   abfltd@aol.com |

*****************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON_____FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| x | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY_____MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY_____MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR_____AT .M., ROOM_____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT_____.M.  COUNSEL SHALL APPEAR: <br><br>_____ IN PERSON IN ROOM_____; OR <br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (        ) _____; OR <br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| x | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **October 17, 2016**; non-expert witness discovery and discovery  relating to liability issues shall be completed by no later than **September 16, 2016** |

2

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated:  27 JAN 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.

3