IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., )
       Plaintiff, )
 )
v. )
 )   No.  1:15-cv-01797-TWP-MPB
SKYLINE RV GROUP LLC, )
BRANDY M. VRANEY, KIM T. DIFILIPPO, )
and BRANDON M. DIFILIPPO, )
       Defendants. ) | |

### REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO TRANSFER VENUE

Defendants, SKYLINE RV GROUP, LLC, BRANDY M. VRANEY, KIM T. DIFILILPPO and BRANDON M. DIFILIPPO by and through their attorney, JAMES J. LESSMEISTER, in Response to Plaintiff's Objection to Motion to Transfer Venue and in support thereof Defendants state the following:

### ARGUMENT

In *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993), the movants signed the agreement in England to be construed in accordance of laws of England with "exclusive" jurisdiction in England.

In *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. Ill. 2001) on page 526 the Court noted that the contract was "…freely negotiated between sophisticated international corporations…" and then continued to state that "…inconvenience of Illinois was foreseeable at the time it agreed to waive objections."

The case law cited by Nextgear deals with contracts executed between experienced business persons as to forum selection and that is not the case here.  Plaintiff is the experienced

business entity but the guarantors are not business persons but became guarantors trying to help friends and are now stuck with attorney fees and possible travel costs which are novel to them, not to the Plaintiff, which does a lot of business in the Northern District of Illinois.

It is well established that forum selection clauses are presumed to be valid and should be enforced unless the resisting party shows that enforcement is unreasonable under the circumstances.  See, *Hugel v. Corp. of Lloyd's*, 999 F. 2d 206, 210 (7th Cir. 1993).  These clauses can be either mandatory or permissive.  *Saxena v. Virtualabs, Inc.*, No. 01-C-9905, 2002 U.S. Dist. LEXIS 8656 at *4 (N.D.Ill. May 15, 2002).  "To be considered mandatory, a forum selection clause must clearly express an intent that the chosen forum is both compulsory and exclusive, either by its own terms or in conjunction with a choice of venue provision that explicitly provides that venue is proper only within the chosen forum."  *Id.* (citing *Paper Exp., Ltd. v. Pfankuch Mashinen GmbH,* 972 F.2d 753, 756 (7th Cir. 1992)).  For example, in *Paper Express,* the clause provided for the exclusive place of jurisdiction" in Germany, and further required that "all disputes arising out of the contractual relationship,…shall be filed there."  *Paper Exp.,* 972 F.2d at 755.

The court went on in *Martin Engineering v. Nark*, 2013WL4501410 state *3 "In contract, a permissive forum selection clause evidences the parties' intent that the chosen state is a possible but not the sole, arena in which a suit can be filed."  *Saxena,* 2002 U.S. Dist. LEXIS 8656 at *5-6.  The discussion in *Martin v. Nark* (supra) would indicate that transfer to the Northern District of Illinois is proper in this case.

Factually, this is a Cook/DuPage County, Illinois—Northern District case.  The entire transaction took place in the Northern District of Illinois, all of the parties/witnesses to the transaction are citizens of the Northern District of Illinois, the inventory audits took place in the

2

Northern District of Illinois and the forging of Kim Difilipo's subsequent signature and the witnesses thereto occurred in the Northern District of Illinois.  The only connection to the Southern District of Indiana, Indianapolis Division is a location of the Plaintiff's Corporate Business and its counsel inasmuch as Plaintiff is a Delaware Corporation doing business in Illinois.

Notwithstanding the jurisdiction and venue clause contained in the form agreement contract signed in the Northern District of Illinois, the clause also contains the following:

> "…Borrower acknowledges and agrees that lender reserves the right to initiate and prosecute any action against borrower in any court of competent jurisdiction, and borrower consents to such forum as lender may elect…"

The term in the Defendant's guarantors' contract, "…Guarantor acknowledges and agrees that Lender reserves the right to initiate and prosecute any action against Guarantor in any court of competent jurisdiction, and Guarantor consents to such forum as Lender may elect" takes the guarantee out of the freely negotiated mandatory forum selection category of *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), *Bonny v. Society of Lloyd's* and *AAR Int'l, Inc. v. Nimelias Enters. S.A.* (supra).

*Stevens Yachts of Annapolis, Inc. v. American Yacht Charters, Inc.*, E.D.Pa. 1983, 571 F.Supp 467, held that venue of civil diversity action brought by Maryland corporation against Virgin Islands and Texas corporations would be transferred, for the convenience of the parties and witnesses and in interests of justice, from the Eastern District of Pennsylvania to Maryland, a district in which venue was proper due to Plaintiff's residence and which possessed personal jurisdiction over Defendants due to minimum contracts existing between Defendants and Maryland.

Transfer is proper for this Court because the action should be transferred from the Southern District of Indiana to Northern District of Illinois because all of the Defendants are citizens of Illinois, Plaintiff's witnesses are in Illinois, the transactions occurred in Illinois and justice and the convenience of the parties and witnesses require transfer to the Northern District of Illinois.

## CONCLUSION

Defendants respectfully request a change of venue of this action pending in the Southern District of Indiana to the Northern District of Illinois.

Respectfully submitted,
s/James J. Lessmeister
James J. Lessmeister
Jimmy A. Samad
Lessmeister & Associates
105 W. Adams, Suite 2020
Chicago, IL 60603
(312) 929-2630

**CERTIFICATE OF SERVICE**

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served with a copy of Defendant's Reply to Plaintiff's Objection to Motion to Transfer Venue via electronic mail to the person(s) listed below on February 2, 2016 as the address listed below.

Christopher M. Trapp
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
ctrapp@nextgearcapital.com
chris_m_trapp@hotmail.com

Michael Gibson
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
michael.gibson@nextgearcapital.com
michael_gibson@hotmail.com

                                              Respectfully submitted,
                                              s/James J. Lessmeister
                                              James J. Lessmeister
                                              Jimmy A. Samad
                                              Lessmeister & Associates
                                              105 W. Adams, Suite 2020
                                              Chicago, IL 60603
                                              (312) 929-2630