UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01797-TWP-MPB |
| | ) |
| SKYLINE RV GROUP LLC, | ) |
| BRANDY M. VRANEY, KIM T. DIFILIPPO, | ) |
| and BRANDON M. DIFILIPPO, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE**

This matter is before the Court on a Motion to Transfer Venue filed pursuant to 28 U.S.C. § 1404(a) by Defendants Skyline RV Group LLC, Brandy Vraney, Kim Difilippo, and Brandon Difilippo (collectively, "Defendants") (Filing No. 20). Plaintiff NextGear Capital, Inc. ("NextGear") initiated this breach of contract and breach of guaranty lawsuit against Defendants in state court in Hamilton County, Indiana in October 2015. Thereafter, Defendants removed the state court action to this Court, invoking the Court's diversity jurisdiction based on the parties' complete diversity and the amount in controversy being more than $75,000.00. Defendants then filed their Motion to Transfer on January 7, 2016, asserting convenience of the parties and witnesses as the basis for transferring the case to the Northern District of Illinois.

A party may seek change of venue pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Defendants assert that transfer to the Northern District of Illinois is appropriate because the contracts at issue in this case were signed in Illinois, the transactions complained of occurred in Illinois, and Defendants are located in Illinois.

In its response opposing the Motion to Transfer, NextGear points out that, unlike Defendants, it is located here in the Southern District of Indiana, so transferring the case to the Northern District of Illinois would not be convenient for "the parties" but rather only for Defendants. NextGear also explains that the contracts at issue in this case contain clear, unambiguous clauses wherein Defendants expressly submitted to the venue of the state and federal courts in Marion County and Hamilton County, Indiana and further waived any objection based on *forum non conveniens*.

Indeed, the parties' contracts contain a forum selection provision:

> 21. JURISDICTION AND VENUE. As evidenced by [Defendant's] signature below, [Defendant] submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, initiated by [Defendant] against [NextGear], shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana. Further, [Defendant] expressly consents to the jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, as to any legal or equitable action that may be brought in such court by [NextGear], and waives any objection based upon lack of personal jurisdiction, improper venue, or forum non conveniens with respect to any such action. [Defendant] acknowledges and agrees that [NextGear] reserves the right to initiate and prosecute any action against [Defendant] in any court of competent jurisdiction, and [Defendant] consents to such forum as [NextGear] may elect.

([Filing No. 1-1 at 18](#)). In accordance with the contract's forum selection clause, NextGear initiated this lawsuit in state court in Hamilton County, Indiana, and the case was then removed to this Court.

Forum selection clauses are valid and enforceable, and they generally are applied unless the party opposing the application of the clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). It is the obligation of "the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18.

The Seventh Circuit has determined that when a party contractually agrees to venue and to waive the right to assert *forum non conveniens*, the party cannot later obtain transfer of a case unless he can show that the forum selection clause is unreasonable by establishing that: (1) its incorporation into the contract was the result of fraud, undue influence, or excessive bargaining power; (2) it is so gravely difficult and inconvenient that the complaining party will effectively be deprived of its day in court; or (3) its enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision. *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993).

Defendants' only reason for seeking transfer of venue is that the contracts at issue in this case were signed in Illinois, the transactions complained of occurred in Illinois, and Defendants are located in Illinois. While the Northern District of Illinois may be a more convenient forum for Defendants, Defendants have failed to show how the Northern District of Illinois is more convenient for the "parties" and the witnesses. They have failed to show how the forum selection clause for which they contractually bargained is unreasonable. Additionally, Defendants have failed to show how the contractual forum—the Southern District of Indiana, only a few hours' drive from the Northern District of Illinois—will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court. Because of these failings of

Defendants and because of the parties' agreed upon forum selection clause, the Court **DENIES** the Motion to Transfer Venue (Filing No. 20).  The litigation will continue to proceed in this Court.

  **SO ORDERED.**

Date: 5/17/2016

                       _____
                       TANYA WALTON PRATT, JUDGE
                       United States District Court
                       Southern District of Indiana

DISTRIBUTION:

Albert Brooks Friedman
ALBERT BROOKS FRIEDMAN, LTD.
abfltd@aol.com

James J. Lessmeister
LESSMEISTER & ASSOCIATES
jlessmeister@lessmeisterlaw.com

Christopher M. Trapp
NEXTGEAR CAPITAL, INC.
ctrapp@nextgearcapital.com

Michael G. Gibson
NEXTGEAR CAPITAL, INC.
michael.gibson@nextgearcapital.com