UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01797-TWP-MPB |
| | ) | |
| SKYLINE RV GROUP LLC, | ) | |
| BRANDY M. VRANEY, | ) | |
| KIM T. DIFILILPPO, and | ) | |
| BRANDON M. DIFILIPPO, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff NextGear Capital, Inc. ("Plaintiff"), by counsel, and pursuant to Federal Rule of Civil Procedure 56(c) and S.D. Ind. L.R. 56-1, submits its Brief in Support of Plaintiff's Motion for Summary Judgment.

## I. INTRODUCTION

This dispute arises out of a floor plan lending arrangement between Plaintiff and Skyline RV Group, LLC ("Dealer"). Dealer signed a Note (as defined below) in favor of Plaintiff, pursuant to which Dealer was given a revolving line of credit to buy recreational vehicles to sell to consumers. Each of the remaining defendants (collectively "Guarantors") signed unlimited and unconditional guaranties of the debt.

Dealer defaulted under the Note, and Plaintiff filed suit to collect the sums due under the Note and corresponding guaranties. Plaintiff seeks collection of the due and owing balance of $203,459.71 for contract damages against the Dealer and each of the Guarantors, jointly and severally.

## II. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      On or about May 14, 2013, Plaintiff and Dealer entered into a Demand Promissory Note and Loan and Security Agreement ("Note") in the principal sum of $125,000.00, together with interest payable and other charges all as stated in the Note.  Compl. ¶ 7; Compl Ex. A; Affidavit of Joshua Polston ¶ 4[1].

2.      On or about May 14, 2013, Vraney executed an Individual Personal Guaranty ("Vraney Guaranty") in favor of Plaintiff, whereby Vraney guaranteed prompt and full payment to Plaintiff of all obligations of Dealer pursuant to the Note.  Compl. ¶ 8; Compl. Ex. B; Aff. ¶ 5.

3.      On or about May 14, 2013, K. Difilippo executed an Individual Personal Guaranty ("K. Difilippo Guaranty") in favor of Plaintiff, whereby K. Difilippo guaranteed prompt and full payment to Plaintiff of all obligations of Dealer pursuant to the Note.  Compl. ¶ 9; Compl. Ex. C; Aff. ¶ 6.

4.      On or about May 14, 2013, B. Difilippo executed an Individual Personal Guaranty ("B. Difilippo Guaranty", and together with the Vraney Guaranty and the K. Difilippo Guaranty, the "Guaranties") in favor of Plaintiff, whereby B. Difilippo guaranteed prompt and full payment to Plaintiff of all obligations of Dealer pursuant to the Note.  Compl. ¶ 10; Compl. Ex. D; Aff. ¶ 7.

5.      On or about April 25, 2014, Dealer and Plaintiff entered into an Amendment to Demand Promissory Note and Loan and Security Agreement ("Limit Amendment") under which the Dealer's credit line under the Note was increased to $225,000.00.  Compl. Ex. A, at 23; Aff. ¶ 8.

---

[1] A true and accurate copy of the Affidavit of Joshua Polston ("Aff.") is attached to Plaintiff's Designation of Evidence in Support of Summary Judgment ("Designation"), as Exhibit 1.

6.      Plaintiff advanced funds to Dealer and to one or more third parties on Dealer's behalf for the purchase of inventory.  Compl. ¶ 11; Aff. ¶ 9.

7.      The advances were made by Plaintiff in conformity with the terms of the Note and the Advance Schedules.  Compl. ¶ 11; Compl. Ex. A; Aff. ¶ 10.

8.      The funds advanced by Plaintiff were not fully repaid.  Compl. ¶ 12; Aff. ¶ 11.

9.      Dealer defaulted under the Note by, *inter alia*, failing to make payments of principal, fees, and/or interest due thereunder.  Compl. ¶ 13, 19; Aff. ¶ 12.

10.     Plaintiff owns and holds the Note.  Compl. ¶ 22; Aff. ¶ 13.

11.     As a result of the occurrence and continuance of an Event of Default, Plaintiff declared the entire indebtedness under the Note ("Indebtedness") to be due and owing.  Compl. ¶ 14; Compl. Ex. A ¶ 7(a); Aff. ¶ 14.

12.     As a result of Dealer's default, Plaintiff has incurred and continues to incur expenses under the Note, including, without limitation, court costs, all of which Plaintiff is entitled to recover under the Note. Compl. ¶ 17; Compl. Ex. A ¶ 18; Aff. ¶ 15.

13.     Despite demand for payment by Plaintiff, the Indebtedness has not been fully satisfied.  Compl. ¶ 20; Aff. ¶ 16.

14.     Interest continues to accrue on the Indebtedness owed by Dealer to Plaintiff. Compl. Ex. A; Aff. ¶ 17.

15.     Pursuant to the Guaranties, Guarantors are liable to Plaintiff for payment of the remaining Indebtedness.  Compl. ¶¶ 25, 32, 39; Compl. Ex. B-D; Aff. ¶ 18.

16.     Under the terms of the Guaranties, Guarantors waived, *inter alia*, the right to receive notice of demand of any kind.  Compl. ¶¶ 26, 33, 40; Compl. Ex. B ¶ 2(d), Ex. C ¶ 2(d), Ex. D ¶ 2(d); Aff. ¶ 19.

17.     All conditions precedent to the right of Plaintiff to recover under the Note and the Guaranties have occurred or have been waived.  Compl. ¶¶ 23, 30, 37, 44; Compl. Ex. A-D; Aff. ¶ 20.

18.     The Guaranties provide for the recovery by Plaintiff of all costs of collection and reasonable attorneys' fees, including "[a]ll reasonable costs and expenses, including attorney's fees" incurred to enforce the Guaranties.  Compl. ¶¶ 27, 34, 41; Compl. Ex. A-C; Aff. ¶¶ 21, 25.

19.     As of September 29, 2016, the amount due and owing to Plaintiff under the Note totals $203,459.71, including principal, interest, fees, and costs of filing.  Aff. ¶¶ 22-24.

20.     On October 7, 2015, Plaintiff filed its Complaint against the Defendants in state court in Hamilton County, Indiana.  Compl., ECF No. 1-1.

21.     Thereafter, Defendants removed the state court action to this Court, invoking the Court's diversity jurisdiction based on the parties' complete diversity and the amount in controversy being more than $75,000.00.  Notice of Removal, ECF No. 1, at 1-2.

22.     On January 7, 2016, Defendants filed their Motion to Transfer to Northern District of Illinois Pursuant to 28 USC § 1404(a) ("Motion to Transfer"), which was denied by the Court on May 17, 2016.  Mot. to Transfer, ECF No. 20; Order on Def.'s Mot. to Transfer Venue, ECF No. 41.  In the Motion to Transfer, Defendants admitted the Note and Guaranties were signed in Illinois and notarized by Plaintiff's employer.  ECF No. 20, at 2.

23.     Defendants have not otherwise filed an answer or otherwise responded to the Complaint since the Court's ruling on their Motion to Transfer.[2]

---

[2] Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' responsive pleading was required to "be served within 14 days after notice of the court's action" on the Motion to Transfer, or on or before May 31, 2016. Fed. R. Civ. P. 12(a)(4)(A).

## III. STATEMENT OF LAW AND ARGUMENT

### A.   Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "Generally, construction of a written contract is a question of law for which summary judgment is particularly appropriate." *Slutsky-Peltz Plumbing & Heating Co., Inc. v. Vincennes Cmty. School Corp.*, 556 N.E.2d 344, 346 (Ind. Ct. App. 1990) (citation omitted).[3]

This action is ripe for summary judgment. The claims asserted by Plaintiff involve interpretation of the law and construction of the clear and unambiguous terms of the Note and the Guaranties at issue in this case. As such, the claims are ideally suited for the Court's determination based upon the pleadings and the supporting affidavits filed contemporaneously with Plaintiff's Motion for Summary Judgment. Based upon the foregoing facts, and as outlined

---

[3] The contracts at issue contain choice of law provisions, which provide that "the validity, enforceability, and interpretation" of the contracts will "be governed by the internal laws of the State of Indiana . . . " Compl. Ex. A ¶ 20; Compl. Ex. B, at 4 ¶ (c); Compl. Ex. C, at 4 ¶ (c); Compl. Ex. D, at 4 ¶ (c).

below, Plaintiff is entitled to summary judgment in its favor on all counts of its Complaint.

**B.     Plaintiff is Entitled to Summary Judgment on Count I of the Complaint for Breach of Contract**

Under Indiana law, the essential elements of an action for breach of contract are: (1) the existence of a contract, (2) the defendant's breach of the contract, and (3) damages. *See American Family Mut. Ins. Co. v. Matusiak*, 878 N.E.2d 529, 533 (Ind. Ct. App. 2007); *Roger v. American Testing and Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000). In this case, all three elements of a valid breach of contract action are clearly met.

There are no genuine issues of material fact relating to Plaintiff's breach of contract claim against Dealer. As shown in the Affidavit of Joshua Polston attached as Exhibit "1" to Plaintiff's Designation, Dealer executed the Note on or about May 14, 2013, and Dealer has raised no genuine issues of material fact regarding the validity of the contract that existed between Plaintiff and Dealer. Additionally, no genuine issue of material fact exists regarding whether Dealer failed to make payments due under the Note. Dealer's failure to make such payments constituted an Event of Default pursuant to Paragraph 6(a) of the Note. As a result of the occurrence and continuance of an Event of Default, Plaintiff declared the indebtedness immediately due, pursuant to Paragraph 7(a) of the Note.

It is undisputed that Plaintiff suffered damages as a result of Dealer's breach of contract. The amount of Plaintiff's damages has been set forth in detail in the Affidavit of Joshua Polston a Recovery Specialist with NextGear Capital, Inc., who has reviewed the business records of NextGear Capital, Inc. and stated the current balance owed under the Note. Despite demand for payment by Plaintiff, Dealer has failed and refused to make payments towards the indebtedness due and owing under the Note, and the indebtedness remains unpaid. Plaintiff owns and holds the Note, and all conditions precedent to the right of Plaintiff to recover under the Note have

occurred or have been waived.

The Indiana Supreme Court has confirmed its commitment to advancing the public policy in favor of enforcing contracts. *See Peoples Bank & Trust Co. v. Price*, 714 N.E.2d 712, 716 (Ind. Ct. App. 1999) (*citing Trimble v. Ameritech Publishing, Inc.*, 700 N.E.2d 1128, 1129 (Ind. 1998)). This commitment reflects the principle that it is in the best interest of the public not to restrict unnecessarily the parties' freedom of contract. *Id.* "Thus, as a general rule, the law allows persons of full age and competent understanding the utmost liberty in contracting; and their contracts, when entered into freely and voluntarily, will be enforced by the courts." *Cowper v. Collier*, 720 N.E.2d 1250, 1256 (Ind. Ct. App. 1999) (*citing Schoemer v. Hanes & Assoc., Inc.*, 693 N.E.2d 1333, 1338 (Ind. Ct. App. 1998)).

Construction of written contracts, such as the Note in the instant case, is a pure question of law for which summary judgment is particularly appropriate. *Peoples Bank & Trust Co.*, 714 N.E.2d at 716; *Kordick v. Merchants National Bank & Trust Co.*, 496 N.E.2d 119, 124 (Ind. Ct. App. 1986). Absent ambiguity, it is not within the function of the court to look outside the instrument to arrive at the parties' intent. *First Savings & Loan Association of Central Indiana v. Treaster*, 490 N.E.2d 1149, 1152 (Ind. Ct. App. 1986) (under Indiana's "four corner doctrine," if a contract is unambiguous, the court will determine the intent of the parties such that parol or extrinsic evidence is inadmissible). Unambiguous language of a contract is conclusive upon the parties to a contract and upon the court. *Peoples Bank & Trust Co.*, 714 N.E.2d at 716 (*citing Turnpaugh v. Wolf*, 482 N.E.2d 506, 508 (Ind. Ct. App. 1985)); *Scott v. Anderson Newspapers, Inc.*, 477 N.E.2d 553, 559 (Ind. Ct. App. 1985). The language of the Note in this case is clear and unambiguous. It is therefore clear under Indiana law that Dealer breached the express and unambiguous terms of the Note by failing to make payments as outlined under the Note, and it is

appropriate for this court to find in favor of Plaintiff at the summary judgment stage of these proceedings.

There are no genuine issues of material fact as to Plaintiff's case for breach of contract and Plaintiff is therefore entitled to a judgment as a matter of law against Dealer in the amount of $203,459.71.

## C. Plaintiff is Entitled to Summary Judgment on Count II, III, and IV of the Complaint for Breach of the Guaranties

"A guaranty is an independent contract, by which the guarantor undertakes in writing, upon sufficient consideration, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person, who is primarily liable to pay or perform." *Indianapolis Morris Plan Corp. v. Sparks*, 172 N.E.2d 899, 902 (Ind. Ct. App. 1961) (*quoting Clannin v. Esterly Harvesting Machine Company*, 118 Ind. 379 (Ind. 1889)). Under Indiana law, three parties are required to properly execute a guaranty agreement: (1) a borrower; (2) a lender; and (3) a guarantor who promises to pay the debt of the borrower upon default to the lender. *Indianapolis Morris Plan Corp.*, 172 N.E.2d at 902.

Under Indiana case law, the enforcement of a guaranty contract is generally a question of law for which summary judgment is particularly appropriate. *Kordick v. Merchants Nat'l Bank & Trust Co.*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986). The Court in *Kordick* considered whether the interpretation of the language of a guaranty contract was a question of law for the court or one of fact for the jury. *Id.* The *Kordick* Court resolved that where the legal effect of a guaranty contract can be resolved "without the aid of factual determinations," it was proper for the trial court to resolve the matter at summary judgment. *Id.*

The facts of *Kordick* are similar to those in the present case. In *Kordick*, a company's president signed a guaranty in connection with a bank loan. Upon the company's default, the bank

sued the company's president on the guaranty. The Indiana Court of Appeals granted summary judgment in favor of the bank on this issue. *Id.* In the present case, the Guaranties were properly executed with Plaintiff serving as the lender, Dealer as the borrower, and Guarantors guaranteeing repayment of Dealer's debts to Plaintiff under the Note, as amended.[4] There is no dispute that Guarantors executed the Guaranties whereby they absolutely, unconditionally, and irrevocably guaranteed to Plaintiff the payment of all Indebtedness under the Note. The Guaranties includes Guarantors' agreement to pay to Plaintiff all reasonable costs, fees, and expenses, including, but not limited to, attorney fees, collection costs, and court costs incurred by Plaintiff in the enforcement of the Note, pursuant to Paragraph 2(a) of the Guaranties.

Dealer defaulted under the terms of the Note by failing to make payments required under the Note, and the Indebtedness has not been paid in full. Plaintiff has satisfied all necessary conditions precedent to its right to demand payment from Guarantors pursuant to the Guaranties. Guarantors, pursuant to Paragraph 2(d) of the Guaranties, waived their right to receive notice of Dealer's non-performance under the Note, and they further waived the right to receive notice of Plaintiff's demand for payment from Dealer. "It is well established in Indiana that a guarantor is

---

[4] In the Case Management Plan, K. Difililppo's counsel claimed he did not execute the Limit Amendment. *See* ECF No. 27 ¶ II(C). However, his execution of the Limit Amendment is legally irrelevant. While it is true that a guarantor may be discharged from further liability if the principal and obligee cause a material alteration of the underlying obligation without the guarantor's consent. *Kruse v. National Bank of Indianapolis*, 815 N.E.2d 137, 149 (Ind. Ct. App. 2004) (quoting *Yin v. Society Nat. Bank Indiana*, 665 N.E.2d 58, 64 (Ind. Ct. App. 1996)). It is also true that a guarantor may give such consent *prospectively* in the guaranty instrument. *Carney v. Central Nat. Bank of Greencastle*, 450 N.E.2d 1034 (Ind. Ct. App. 1983); *Skrypek v. St. Joseph Valley Bank*, 469 N.E.2d 774, 777 (Ind. Ct. App. 1984). Such is the case here. The Guaranty signed by K. Difililppo unambiguously states that K. Difililppo waived the right to "notice of any change in Borrower's credit terms or limits with Lender, including any temporary or permanent increases in Borrower's Credit Line (and Guarantor prospectively consents to any such change)". Compl. Ex. C ¶ 2(d). K. Difililppo prospectively consented to the increase in the credit line when he executed the K. Difililppo Guaranty, and, therefore, his liability for the entire amount of the Indebtedness remains unaffected by the execution (or non-execution) of the Limit Amendment. *Fortmeyer v. Summit Bank*, 565 N.E.2d 1118, 1122 (Ind. Ct. App. 1991). Notwithstanding the foregoing, Plaintiff reserves all rights to object to or otherwise challenge any affirmative defenses Defendants' may attempt to raise in opposition to this motion due to their failure to file an answer to the Complaint.

not entitled to notice of his principal's default when his undertaking to answer for his principal's debts and obligations is absolute." *Kruse v. Nat'l Bank of Indianapolis*, 815 N.E.2d 137, 146 (Ind. Ct. App. 2004) (*quoting Bowyer v. Clark Equip. Co.*, 357 N.E.2d 290, 293 (Ind. Ct. App. 1976)). Furthermore, even in cases in which notice to the guarantor of the principal borrower's default might otherwise be required, "[t]here is no question that a guarantor may expressly *waive* his right to *notice* of his principal's default." *Kruse*, 815 N.E. 2d at 146, *quoting Bowyer*, 357 N.E.2d at 293.

Here, Dealer defaulted under the Note, Plaintiff demanded payment from Dealer, and Dealer failed to pay the Indebtedness upon that demand. Guarantors, under the terms of the Guaranties, waived their right to receive notice of the default and of the demand, and Plaintiff may now pursue its right to collect the Indebtedness from Guarantors pursuant to the terms of the Note and Guaranties.

There are no genuine issues of material fact as to Plaintiff's claims for breach of the Guaranties, and Plaintiff is therefore entitled to a judgment as a matter of law against Guarantors, jointly and severally, in the amount of the Indebtedness, $203,459.71.

## IV. CONCLUSION

For the foregoing reasons, NextGear Capital, Inc. is entitled to summary judgment in its favor on all counts of its Complaint, and for all other relief as is just and proper.

Respectfully submitted,

By:
Christopher M. Trapp (#27367-53)
Michael G. Gibson (#29665-49)
NEXTGEAR CAPITAL, INC.
1320 City Center Drive, Suite 100
Carmel, IN 46032
Telephone: (317) 660-2507

chris.trapp@nextgearcapital.com
michael.gibson@nextgearcapital.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, a copy of the foregoing was filed electronically. Service of this filing will be made to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

Albert Brooks Friedman
abfltd@aol.com

James J. Lessmeister
jlessmeister@lessmeisterlaw.com

_____
Michael G. Gibson