UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  1:15-cv-01797-TWP-MPB |
| ) | |
| SKYLINE RV GROUP LLC, ) | |
| BRANDY M. VRANEY, ) | |
| KIM T. DIFILILPPO, and ) | |
| BRANDON M. DIFILIPPO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S DESIGNATION OF EVIDENCE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiff NextGear Capital, Inc. ("Plaintiff"), by counsel, designates the following matters of record and evidence in support of its Motion for Summary Judgment, filed contemporaneously herewith:

1. Each and every paragraph of the Affidavit of Joshua Polston and all documents attached thereto. A true and accurate copy of the Affidavit of Joshua is attached hereto as Exhibit 1;

2. Each and every paragraph of Plaintiff's Complaint ("Compl.") and Exhibits A, B, C, and D, thereto (Filing No 1-1);

3. Plaintiff's Statement of Material Facts Not In Dispute and Brief in Support of Motion for Summary Judgment; and

4. All pleadings in this matter and exhibits attached thereto.

Based upon the above evidentiary material, and because there are no genuine issues of material fact, Plaintiff is entitled to judgment as a matter of law on all counts of the Complaint.

Plaintiff respectfully requests the Court enter summary judgment in Plaintiff's favor and against Skyline RV Group LLC, Brandy M. Vraney, Kim T. Difilippo, and Brandon M. Difilippo, jointly and severally, and for all other relief as is just and proper.

                        Respectfully submitted,

By: _____
Christopher M. Trapp (#27367-53)
Michael G. Gibson (#29665-49)
NEXTGEAR CAPITAL, INC.
1320 City Center Drive, Suite 100
Carmel, IN 46032
Telephone: (317) 660-2507
chris.trapp@nextgearcapital.com
michael.gibson@nextgearcapital.com

*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2016, a copy of the foregoing was filed electronically. Service of this filing will be made to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

Albert Brooks Friedman
abfltd@aol.com

James J. Lessmeister
jlessmeister@lessmeisterlaw.com

_____
Michael G. Gibson

# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01797-TWP-MPB |
| ) | |
| SKYLINE RV GROUP LLC, ) | |
| BRANDY M. VRANEY, ) | |
| KIM T. DIFILILPPO, and ) | |
| BRANDON M. DIFILIPPO, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF JOSHUA POLSTON

Joshua Polston, under the penalties of perjury, states the following:

1. I am over eighteen (18) years of age, I have personal knowledge of the facts recited herein, I am competent to testify to the same at any trial or hearing in this cause, and such facts are true.

2. I am a Recovery Specialist for NextGear Capital, Inc. ("Plaintiff").

3. I have reviewed the Complaint filed herein, and I am familiar with its contents.

4. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, on or about May 14, 2013, Plaintiff and Skyline RV Group LLC ("Dealer") entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") in the principal sum of $125,000.00. A true and accurate copy of the Note is attached to the Complaint as Exhibit A.

5. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, on or about May 14, 2013, Brandy M. Vraney ("Vraney") executed an Individual Personal Guaranty (the "Vraney Guaranty")

in favor of Plaintiff, whereby Vraney guaranteed prompt and full payment to Plaintiff of all obligations of Dealer to Plaintiff pursuant to the Note (the "Guaranteed Obligations"). A true and accurate copy of the Vraney Guaranty is attached to the Complaint as <u>Exhibit B</u>.

6. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, on or about May 14, 2013, Kim T. Difilippo ("K. Difilippo") executed an Individual Personal Guaranty (the "K. Difilippo Guaranty") in favor of Plaintiff, whereby K. Difilippo guaranteed prompt and full payment to Plaintiff of all obligations of Dealer to Plaintiff pursuant to the Note (the "Guaranteed Obligations"). A true and accurate copy of the K. Difilippo Guaranty is attached to the Complaint as <u>Exhibit C</u>.

7. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, on or about May 14, 2013, Brandon M. Difilippo ("B. Difilippo" and together with Vraney and K. Difilippo, the "Guarantors") executed an Individual Personal Guaranty (the "B. Difilippo Guaranty" and together with the Vraney Guaranty and the K. Difilippo Guaranty, the "Guaranties") in favor of Plaintiff, whereby B. Difilippo guaranteed prompt and full payment to Plaintiff of all obligations of Dealer to Plaintiff pursuant to the Note (the "Guaranteed Obligations"). A true and accurate copy of the B. Difilippo Guaranty is attached to the Complaint as <u>Exhibit D</u>.

8. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, on or about April 25, 2014, Dealer and Plaintiff entered into an Amendment to Demand Promissory Note and Loan and Security Agreement ("Limit Amendment") under which the Dealer's credit line under the Note was increased to $225,000.00. A true and accurate copy of the Limit Amendment is on page 23 of Exhibit "A" to the Complaint.

9. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, Plaintiff advanced funds to Dealer and to one or more third parties on Dealer's behalf for the purchase of inventory, specifically recreational vehicles.

10. The advances were made by Plaintiff in conformity with the terms of the Note and the Advance Schedules. The Advance Schedules are included in Exhibit "A" to the Complaint.

11. The advances have not been fully repaid as agreed.

12. Dealer defaulted under the Note by, *inter alia*, failing to make payments of principal, fees, and/or interest due thereunder.

13. Plaintiff owns and holds the Note.

14. As a result of the occurrence and continuance of an Event of Default (as that term is defined in the Note) under the Note, Plaintiff declared the entire indebtedness under the Note (the "Indebtedness") to be due and owing.

15. As a result of Dealer's default, Plaintiff has incurred and continues to incur expenses under the Note, including, without limitation, court costs, all of which Plaintiff is entitled to recover under the Note.

16. Despite demand for payment by Plaintiff, Dealer has failed or refused to make payments for the amounts due and owing under the Note.

17. Interest continues to accrue on the Indebtedness owed by Dealer to Plaintiff.

18. Pursuant to the Guaranties, Guarantors are liable to Plaintiff for payment of the remaining Indebtedness.

19. Under the terms of the Guaranties, Guarantors waived, *inter alia*, the right to receive notice of demand of any kind.

20. All conditions precedent to the right of Plaintiff to recover under the Note and the

Guaranties have occurred or have been waived.

21. The Guaranties provide for the recovery by Plaintiff of all costs of collection and reasonable attorneys' fees, including "[a]ll reasonable costs and expenses, including attorney's fees" incurred to enforce the Guaranties.

22. According to the business records of Plaintiff, which are kept in the ordinary course of business by individuals with knowledge, and which I have reviewed, as of September 29, 2016 the Indebtedness totals $203,459.71. The Indebtedness consists of the following amounts:

| Type | Amounts |
|---|---:|
| Principal Balance | $174,517.57 |
| Collateral Audit Fee | $80.00 |
| Floor Plan Fees | $1,666.96 |
| Interest (through 12/29/2015) | $9,437.84 |
| Legal Fee (Filing Fee) | $192.51 |
| Other Vehicle-Specific Fees, Including Late Fees | $2,234.00 |
| Repo Fee | $1,125.00 |
| Post Writeoff Interest (12/30/2015 through 09/29/2016) | $14,205.83 |
| **TOTAL** | **$203,459.71** |

23. The report that I relied upon in calculating the Indebtedness is attached to this Affidavit as Exhibit A. The information contained in this report is recorded in the ordinary course of regularly conducted business activities of Plaintiff by individuals with knowledge of such information, whose regular business practice is to record such information at the time the information is obtained.

24. The report attached hereto as Exhibit A contains additional detail concerning the further breakdown of the figures heretofore stated, including all principal, interest, fees, and other charges on Dealer's account with Plaintiff, itemized by vehicle.

25. The Note and the Guaranties provide that Plaintiff is entitled to recover its "reasonable legal fees, expenses, and collection costs" incurred as a result of any default under the Note, as well as "[a]ll reasonable costs and expenses, including attorney's fees" incurred to enforce

4

the Guaranty. Accordingly, Plaintiff is entitled to recover all reasonable post-judgment attorney fees and court costs that it may incur in the collection of any judgment entered herein.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Joshua Polston, Recovery Specialist
NEXTGEAR CAPITAL, INC.


STATE OF INDIANA         )
                         ) SS:
COUNTY OF HAMILTON       )

Before me, a Notary Public in and for said County and State, personally appeared Joshua Polston, who acknowledged the execution of the foregoing Affidavit, and who, having been duly sworn, states that all representations contained therein are true.

Witness my hand and Notarial Seal this 30 day of September, 2016.

Notary Signature _____

Notary, Printed  Rebecca Jones

My Commission Expires: 1-17-23          County of Residence: Marion

```
REBECCA JONES
Notary Public - Seal
State of Indiana
Marion County
My Commission Expires Jan 17, 2023
```

5

# **<u>EXHIBIT A</u>**

## *Balance Calculation for Written Off Account Report*

| | |
|---|---|
| **Dealer** | **Skyline RV Group LLC (70436)** |
| **Requested By** | **Amanda Stafford** |
| **Report Date** | **THU 09/29/2016 12:33.34 PM** |

### Summary

| Written Off Principal Interest and Fees | Written Off Account-Level Charges | Post Write Off Interest | Post Write Off Payments | Total |
|---|---|---|---|---|
| $187,856.37 | $1,397.51 | $14,205.83 | $0.00 | $203,459.71 |

## Written Off Principal, Interest, and Fees

| Flr. Date | WO Date | Days | VS | Vehicle Description | Clr | VIN | Stk # | TS | Disb | Source | Original Amount | Principal Balance | One Day Loan Bal | Fee Balance | Interest Balance | Insurance Balance | Other Balance | Total Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/20/14 | 12/30/15 | 497 | SOT | 2009 Keystone RV Freedom Elite Fifth Wheel | Whi | 790012 | 58 | FR | B | America's | $26,100.00 | $16,854.21 | $0.00 | $150.00 | $918.48 | $0.00 | $330.00 | $18,252.69 |
| 10/23/14 | 12/30/15 | 433 | SOT | 2011 GULF STRE M-28FQS TRVL | Whi | 103413 | 63 | FC | S | Manheim Mi | $10,035.00 | $7,315.52 | $0.00 | $150.00 | $404.15 | $0.00 | $280.00 | $8,149.67 |
| 11/19/14 | 12/30/15 | 406 | SOT | 2007 FLEETWOOD TERRA LX | Unk | A11842 | 67 | TR | S | Manheim Ka | $36,600.00 | $26,681.40 | $0.00 | $69.53 | $1,260.14 | $0.00 | $180.00 | $28,191.07 |
| 12/22/14 | 12/30/15 | 373 | SOT | 2007 Weekend Warrio CR 3905 | Whi | 017646 | 69 | GD | B | America's | $14,455.00 | $5,328.69 | $0.00 | $70.00 | $286.16 | $0.00 | $90.00 | $5,774.85 |
| 01/15/15 | 12/30/15 | 349 | SOT | 2006 WINNEBAGO SIGHTSEER | Unk | A02788 | 70 | TR | S | Manheim Ka | $27,000.00 | $21,870.00 | $0.00 | $75.00 | $1,052.57 | $0.00 | $90.00 | $23,087.57 |
| 02/09/15 | 12/30/15 | 324 | SOT | 1998 HOLIDAY VACATIONER | Whi | 300636 | 72 | TR | S | America's | $8,800.00 | $7,128.00 | $0.00 | $0.00 | $288.91 | $0.00 | $90.00 | $7,506.91 |
| 02/12/15 | 12/30/15 | 321 | SOT | 2006 KEYSTONE MONTANA 329 RLS | Whi | 706871 | 74 | TR | S | ADESA Grea | $9,625.00 | $7,796.25 | $0.00 | $0.00 | $319.76 | $0.00 | $90.00 | $8,206.01 |
| 02/19/15 | 12/30/15 | 314 | SOT | 2006 DAMON CHALLENGER | Whi | A01848 | 75 | TR | S | Manheim De | $27,565.00 | $24,808.50 | $0.00 | $150.00 | $1,365.44 | $0.00 | $180.00 | $26,503.94 |
| 03/12/15 | 12/30/15 | 293 | SOT | 2004 WINNEBAGO ADVENTURER | Tan | 397076 | 78 | TR | S | Manheim No | $34,050.00 | $30,645.00 | $0.00 | $102.43 | $1,451.67 | $0.00 | $180.00 | $32,379.10 |
| 06/05/15 | 12/30/15 | 208 | DIS | 2008 KEYSTONE COUGAR 293SAB | Whi | 507129 | 81 | AU | S | ADESA Cinc | $13,890.00 | $6,035.00 | $0.00 | $300.00 | $615.04 | $0.00 | $248.00 | $7,198.04 |
| 06/05/15 | 12/30/15 | 208 | DIS | 2003 ITASCA SUNCRUISER 35U | Whi | 366850 | 82 | AU | S | ADESA Cinc | $29,690.00 | $20,055.00 | $0.00 | $225.00 | $1,369.19 | $0.00 | $168.00 | $21,817.19 |
| 06/10/15 | 12/30/15 | 203 | DIS | 2009 Heartland Sundance XLT | Whi | 100449 | 83 | AU | S | America's | $4,055.00 | $0.00 | $0.00 | $375.00 | $106.33 | $0.00 | $308.00 | $789.33 |
| **Totals for Dealer #** | **70436** | | | | | | | | | | **$241,865.00** | **$174,517.57** | **$0.00** | **$1,666.96** | **$9,437.84** | **$0.00** | **$2,234.00** | **$187,856.37** |
| **Total Unit Count** | **12** | | | | | | | | | | | | | | | | | |

Page 1     of 2

## Written Off Account-Level Charges

| Fee Type | Description | Date Incurred | WO Date | Amount |
|---|---|---|---|---|
| Legal (Account) | Hamilton County Filing Fee | 12/30/2015 | 12/30/2015 | $192.51 |
| Collateral Audit | Audit Date: 7/28/2015 12:00:00 AM | 12/30/2015 | 12/30/2015 | $80.00 |
| Repo (Account) | Consolidated Asset Recovery Systems (CARS) INV #141850 / stk # 82,83,81 | 07/28/2016 | 07/28/2016 | $1,125.00 |
| **Totals for Dealer #    70436** | | | | **$1,397.51** |

## Post Write Off Interest

| Dealer Name and Number | Market Name | Market # | Date Written Off | Post Write Off Interest |
|---|---|---|---|---|
| Skyline RV Group LLC (70436) | Chicago Central | 300 | 12/30/2015 | $14,205.83 |

## Post Write Off Payments

| Dlr # | Dealer Name | Region | Market | Dealer Finance Program | Risk Contact | Incident Status | Receipt # | Payment Date | Write Off Date | Write Off Recovery Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |