IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., </br> Plaintiff, | ) </br> ) </br> ) |
| v. | ) </br> ) </br> ) No.  1:15-cv-01797-TWP-MPB |
| SKYLINE RV GROUP LLC, </br> BRANDY M. VRANEY, KIM T. DIFILIPPO, </br> and BRANDON M. DIFILIPPO, </br> Defendants. | ) </br> ) </br> ) </br> ) |

### RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, SKYLINE RV GROUP, LLC, BRANDY M. VRANEY, KIM T. KIM T. DIFILIPPO and BRANDON M. DIFILIPPO by and through their attorneys, ALBERT BROOKS FRIEDMAN and JAMES LESSMEISTER, respectfully oppose Plaintiff's Motion for Summary Judgment and attach the Affidavit of KIM T. DIFILIPPO in support of their opposition.

### INTRODUCTION

Defendants have no objection to Plaintiff's "Introduction" except that Plaintiffs are not entitled to the Judgment in the amount sought against KIM T. DIFILIPPO inasmuch as he did not sign the amendment of April 25, 2014 and guarantee, raising the amount to $225,000.00 as indicated by the affidavit of KIM T. DIFILIPPO attached as Exhibit A and as indicated by paragraph number seven (7) of the Defendants' Preliminary Witness and Exhibits List.  Plaintiffs are not entitled to judgment in any amount against KIM T. DIFILIPPO.

### REPLY TO STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendants dispute paragraph number three (3) inasmuch as KIM T. DIFILIPPO only guaranteed $125,000.00 of the debt and dispute paragraph number (5) inasmuch as KIM T. DIFILIPPO's signature is forged on that document of April 25, 2014 as are all of his purported signatures of that date.

Defendant, KIM T. DIFILIPPO denies number nineteen (19).

1

Defendants contest paragraph number fifteen (15) as to the liability of guarantor KIM T. DIFILIPPO who did not sign to be liable for any and all remaining balances.

Defendants deny the last sentence of paragraph number twenty-two (22) inasmuch as the notary was Plaintiff's employee who did not witness KIM T. DIFILIPPO's signature on April 25, 2014 as KIM T. DIFILIPPO did not sign it.

## STATEMENT OF LAW & ARGUMENT

Exhibit A attached to the Plaintiff's Complaint is entitled "Demand Promissory Note and Loan and Security Agreement", not "Blank Check" and has a principal sum of $125,000.00.

KIM T. DIFILIPPO did not sign the "Advance Schedule" of May 14, 2013 or the "Advance Schedule" of April 25, 2014 nor the Power of Attorney of May 14, 2013 and especially not the next entitled Amendment to Demand Promissory Note and Loan and Security Agreement of April 25, 2014.

The Amendment to Demand Promissory Note and Loan and Security Agreement dated April 25, 2014 raises the amount to $225,000.00 but was not signed by KIM T. DIFILIPPO nor was it done with his knowledge or consent.

Exhibit C attached to the Plaintiff's Complaint contained the only guaranty signed by KIM T. DIFILIPPO and states as follows:

"2. (c) <u>Continuing and Unlimited Nature of Guaranty</u>. The obligations of Guarantor under this Guaranty shall be continuing and shall cover any and all liabilities existing as of the effective date of this Guaranty and any and all Liabilities thereafter incurred by Borrower, including any and all liabilities existing at the time of any termination of this Guaranty. This Guaranty shall be unlimited in amount and shall continue in effect until this Guaranty is terminated pursuant to Section 3...THE GUARANTY TERMINATED AND WAS REPLACED BY THE GUARANTE OF APRIL 25, 2016 WHICH KIM T. DIFILIPPO DID NOT SIGN.

5. (e)(i) <u>Dispute Resolution; Waiver of Class Action Rights</u>. In the unlikely event that Lender is unable to resolve a dispute or claim that Guarantor may have, Guarantor agrees to arbitrate any such dispute or claim. This agreement to arbitrate is intended to be broadly interpreted, and includes (i) all disputes, claims and counterclaims arising out of or relating to this Guaranty or any aspect of Guarantor's relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; (ii) all disputes, claims and counterclaims that may have arisen before this Guaranty or any prior contract or agreement between Guarantor and Lender, and (iii) any disputes, claims and counterclaims that may arise after the termination of this Guaranty. Additionally, Guarantor acknowledges that Lender may (but shall in no event be required) arbitrate any dispute or claim that it may have against Guarantor, with any such arbitration being governed by the provisions of this Section 5(i). Guarantor, at his or her election, may opt-out of the arbitration provisions set forth in Sections 5 (i)(l), 5(i)(iii) and 5(i)(iv) by providing written notice of his or her election to opt-out no later than thirty (30) days after Guarantor's execution of this Guaranty, which notice shall be provided to Lender pursuant to Section 5(d) ("Opt-Out Notice"), provided that such Opt-Out Notice shall become effective only upon Guarantor's receipt of written confirmation from Lender that such Opt-Out Notice has been received by Lender within the required time period. Guarantor acknowledges and agrees that, irrespective of any Opt-Out Notice or any written confirmation thereof, Guarantor shall in all events be subject to the provisions of Section 5(i)(ii)...

5. (g) LIMITATION OF LIABILITY. IN NO EVENT SHALL ANY LENDER PARTY BE LIABLE FOR ANY SPECIAL, INDIRECT, EXEMPLARY, PUNITIVE, INCIDENTAL, MULTIPLE OR CONSEQUENTIAL DAMAGES (INCLUDING ANY DAMAGES RESULTING FROM LOSS OF USE, LOSS OF PROFITS, LOSS OF BUSINESS OR OTHER ECONOMIC LOSS) ARISING OUT OF OR IN CONNECTION WITH THIS GUARANTY, EVEN IF SUCH LENDER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. FURTHER, IN NO EVENT SHALL THE PENDER PARTIES, COLLECTIVELY, BE LIABLE FOR ANY DAMAGES UNDER THIS GUARANTY OR ANY OTHER

LOAN DOCUMENT THAT EXCEED, IN THE AGGREGATE, AN AMOUNT EQUAL TO THE SUM OF THE INTEREST AND FLOORPLAN FEES ACTUALLY PAID TO LENDER BY BORROWER UNDER THE NOTE DURING THE TWELVE (12) MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM AT ISSUE (OR, IN THE CASE OF MULTIPLE EVENTS, THE FIRST SUCH EVENT GIVING RISE TO THE CLAIM AT ISSUE)."

It goes without citation, that the entire set of documents, drafted by Plaintiff, are strictly construed against the drafter of the documents.

Defendant further denies the allegation of paragraph number twenty-three (23) inasmuch as paragraph seven (7) of Defendant's Preliminary Witness and Exhibit List denied KIM T. DIFILILPPO's execution of any document on April 25, 2014.

The fact that the document signed by KIM T. DIFILILPPO and drafted by Plaintiff has an amount of $125,000 is contrary to the Plaintiff's theory of Summary Judgment that guarantor KIIM T. DIFILILPPO is liable for all amounts, only the amount written in by Plaintiff.

Plaintiff's argument is further blunted by its submitting a raised amount of $225,000 to some Defendants a year later. If the guarantee were unlimited as alleged by Plaintiff, no raised amount was needed to be submitted and the sky would have been the limit. Obviously, from Plaintiff's documents, that was not the case and cannot be the ruling by this Court.

Defendant KIM T. DIFILILPPO further contends that pursuant to the forged/altered signature on the document of April 25, 2014, KIM T. DIFILILPPO should have no liability on the $125,000 guarantee inasmuch as said forgery of the principal and oblige caused a material alteration of the underling obligation without the guarantor KIM T. DIFILILPPO'S consent thereby discharging KIM T. DIFILILPPO from liability. Kruse v. National Bank of Indianapolis, 815 NE 2d 137, 149 (IND App. Ct. 1984).

All relief should be denied inasmuch as the document of April 25, 2014 superseded the document signed by KIM T. DIFILILPPO. It was done without his knowledge or permission or signature and materially altered what he had agreed to, Plaintiff's fraud discharges KIM T. DIFILILPPO from liability. KIM T.

4

DIFILILPPO ceased to be responsible for any debt under the old note and guaranty and Summary Judgment should be denied as to KIM T. DIFILILPPO as to any amount as a material issue of fact exists as to KIM T. DIFILILPPO's liability and Plaintiff's fraud in forging KIM T. DIFILILPPO's signature which voided KIM T. DIFILILPPO's liability as a matter of law.

WHEREFORE, Defendant, KIM T. DIFILILPPO, prays that Plaintiff's Motion for Summary Judgment be denies as to KIM T. DIFILILPPO.

    Respectfully submitted,

    s/Albert Brooks Friedman
    ALBERT BROOKS FRIEDMAN
    161 North Clark Street, Suite 2575
    Chicago, Illinois 60601
    312-782-0282
    ARDC Number: 0881562

    JAMES J. LESSMEISTER
    Lessmeister & Associates
    105 W. Adams St., Suite 2020
    Chicago, Illinois 60603
    312-351-4620

**CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served with a copy of Defendant's Reply to Plaintiff's Objection to Motion to Transfer Venue via electronic mail to the person(s) listed below on October 24, 2016 as the address listed below.

Christopher M. Trapp
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
ctrapp@nextgearcapital.com
chris_m_trapp@hotmail.com

Michael Gibson
1320 City Center Drive, Suite 100
Carmel, Indiana 46032
michael.gibson@nextgearcapital.com
michael_gibson@hotmail.com

Respectfully submitted,

s/Albert Brooks Friedman
ALBERT BROOKS FRIEDMAN
161 North Clark Street, Suite 2575
Chicago, Illinois 60601
312-782-0282
ARDC Number: 0881562

JAMES J. LESSMEISTER
Lessmeister & Associates
105 W. Adams St., Suite 2020
Chicago, Illinois 60603
312-351-4620