UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01797-TWP-MPB |
| | ) |
| SKYLINE RV GROUP LLC, | ) |
| BRANDY M. VRANEY, | ) |
| KIM T. DIFILIPPO, and | ) |
| BRANDON M. DIFILIPPO, | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, NextGear Capital, Inc., ("Plaintiff"), by counsel, hereby submits its Reply Brief in Support of its Motion for Summary Judgment.

**SUMMARY OF ARGUMENT**

Plaintiff commenced this action to collect unpaid sums due and owing under a promissory note (the "Note") executed by the defendant, Skyline RV Group LLC ("Skyline" or "Dealer"), a used car dealer, and related guaranties executed by the defendants Brandy M. Vraney ("Vraney"), Kim T. Difilippo ("K. Difilippo") and Brandon M. Difilippo ("B. Difilippo"). None of the Defendants deny execution of the Note[1] or the Guaranties, that Skyline RV borrowed money from the Plaintiff in accordance with the Note, or that Skyline RV failed to repay the sums borrowed. In addition, Defendants Skyline RV, B. Difilippo, and Vraney do not

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Brief in Support of Plaintiff's Motion for Summary Judgment ("Brief") filed herein on September 30, 2016, ECF No. 47.

raise any arguments in response to Plaintiff's Motion for Summary Judgment ("Motion"). Defendant K. Difilippo is the only one that challenges Plaintiff's Motion.

K. Difilippo argues that he did not sign the Limit Amendment and therefore he should be completely absolved of liability. However, whether K. Difilippo executed the Limit Amendment is legally irrelevant and Plaintiff is entitled to summary judgment as a matter of law for the full amount of damages as requested in the Motion.

Second, for the first time, Defendant K. Difilippo alleges Plaintiff committed a "fraud," which should discharge him from liability. This purported defense is wholly without merit, has no basis in the facts, and should be stricken.

## ARGUMENT

A.  **K. DIFILIPPO CONSENTED TO THE LIMIT INCREASE WHEN HE SIGNED THE K. DIFILIPPO GUARANTY**

Plaintiff anticipated that K. Difilippo would argue he did not execute the Limit Amendment. *See* Brief n. 4. In response and in support of its Reply, Plaintiff incorporates by reference its argument set forth in Footnote 4 of its Brief and the designated evidence in support.

As set forth in the Brief, K. Difilippo's execution of the Limit Amendment is legally irrelevant. K. Difilippo admits execution of the K. Difilippo Guaranty, which contains the following provision:

> Guarantor hereby expressly waives . . . (vi) notice of any change in Borrower's credit terms or limits with Lender, including any temporary or permanent increases in Borrower's Credit Line (and *Guarantor prospectively consents to any such change*) . . .

Compl. Ex. C ¶ 2(d) (emphasis added). The language is clear. K. Difilippo consented to the increase in the Dealer's credit line when he signed the K. Difilippo Guaranty. This type of provision is expressly permitted by Indiana law, which provides that guarantors may prospectively

consent to material changes in the underlying agreement in the guaranty instrument. *See Carney v. Central Nat. Bank of Greencastle*, 450 N.E.2d 1034 (Ind. Ct. App. 1983); *Skrypek v. St. Joseph Valley Bank*, 469 N.E.2d 774, 777 (Ind. Ct. App. 1984). Although the Limit Amendment requested the guarantors' signatures, it was not legally required to in order to bind the Guarantors to a change in the Dealer's credit line.

K. Difilippo consented to the increase in the credit limit when he signed the guaranty. As such, K. Difilippo is liable for the full amount of the indebtedness, and Plaintiff is entitled to summary judgment as a matter of law against K. Difilippo.

**B.     K. DIFILIPPO'S FRAUD DEFENSE IS INSUFFICIENT PURSUANT TO FED. R. CIV. P. 9(B) AND SHOULD BE STRICKEN**

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud. . . " Rule 9(b) applies to allegations of fraud contained in any pleading whether they are affirmative claims or affirmative defenses. *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623-626-27 (7th Cir. 1999); *Heller Financial Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("affirmative defenses are pleadings and, therefore subject to all pleading requires of the Federal Rules of Civil Procedure."). The higher standard is warranted by the "great harm to the reputation of a business firm or other enterprise" a fraud claim can do. *Ackerman v. Northwestern Mutual Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). To meet the particularity requirement, fraud allegations must set forth the "who, what, when where, and how." *DiLeo v. Ernst &* Young, 901 F.2d 624, 627 (7th Cir. 1990). None of this appears in the Response to Plaintiff's Motion for Summary Judgment. ECF No. 49. K. Difilippo pleads four facts in his Affidavit: (1) his name, (2) that he signed the guaranty, (3) that he did not sign the Limit Amendment, and (4) he understood his

credit limit to be $50,000.00.  *See* ECF No. 49, Ex. A.  K. Difilippo presents absolutely no factual basis that Plaintiff committed fraud. Therefore, this defense should be stricken.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter summary judgment on its Complaint, and for all other relief as is just and proper.

    Respectfully submitted,

By: /s/ Amanda D. Stafford
Christopher M. Trapp (#27367-53)
Michael G. Gibson (#29665-49)
Amanda D. Stafford (#30869-49)
NEXTGEAR CAPITAL, INC.
1320 City Center Drive, Suite 100
Carmel, IN  46032
Telephone:    (317) 660-2507
chris.trapp@nextgearcapital.com
michael.gibson@nextgearcapital.com
amanda.stafford@nextgearcapital.com
*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 11, 2016, a copy of the foregoing was filed electronically. Service of this filing will be made to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

Albert Brooks Friedman
abfltd@aol.com

James J. Lessmeister
jlessmeister@lessmeisterlaw.com

                                                    /s/ Amanda D. Stafford
                                                    Amanda D. Stafford