UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01797-MPB-TWP |
| ) | |
| SKYLINE RV GROUP LLC, ) | |
| BRANDY M. VRANEY, ) | |
| KIM T. DIFILIPPO, ) | |
| BRANDON M. DIFILIPPO, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON NEXTGEAR CAPITAL, INC.'s MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS**

This matter comes before the Court[1] on Plaintiff's, NextGear Capital, Inc. ("NextGear Capital"), *Motion for Summary Judgment*, filed on September 30, 2016. (Docket No. 46). NextGear Capital requests summary judgment as to all four counts of its Complaint. (Docket No. 46). This motion is ripe with a response filed by Defendants, Skyline RV Group LLC, Brandy M. Vraney, Kim T. Difilippo, and Brandon M. Difilippo (Docket No. 49) and a reply filed by NextGear Capital (Docket No. 51). The Court being duly advised **GRANTS** NextGear Capital's *Motion for Summary Judgment* for the reasons discussed below.

This dispute arises out of a floor plan lending arrangement, a form of inventory financing for retail goods sellers in which each loan advance is made against a specific piece of collateral, between NextGear Capital and Skyline RV Group, LLC ("Dealer"). Dealer signed a Demand Promissory Note and Loan and Security Agreement ("Note") in favor of NextGear Capital,

---

[1] Subsequent to a joint consent to jurisdiction, this case was referred to Magistrate Judge, The Honorable Matthew P. Brookman, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

pursuant to which Dealer was given a revolving line of credit to buy recreational vehicles to sell to consumers. Each of the remaining defendants, Brandy M. Vraney, Kim T. Difilippo ("K. Difilippo"), and Brandon M. Difilippo ("B. Difilippo") (collectively "Guarantors") signed guaranties ("the Guaranties") of the debt. Dealer defaulted under the Note, bringing NextGear Capital to file this suit to collect the sums it alleges is due under the Note and corresponding guaranties. NextGear Capital seeks to collect $203,459.71 for contract damages against Dealer and each Guarantor, jointly and severally. Moreover, NextGear Capital seeks to recover all reasonable post-judgment attorney fees and court costs that it may incur in the collection of any judgment entered herein, as it alleges is provided for in both the Note and the Guaranties.

## I. BACKGROUND

### A. Factual Background

The following facts are undisputed. On May 14, 2013, NextGear Capital and Dealer entered into a Demand Promissory Note and Loan and Security Agreement ("the Note") in the principal sum of $125,000.00, together with interest payable and other charges all as stated in the Note. (Compl. ¶ 7; Compl. Ex. A; Docket No. 48 at ECF p. 4, ¶4). On the same date, Vraney, K. Difilippo, and B. Difilippo each executed separate Individual Personal Guaranties in favor of NextGear Capital. ("Vraney Guaranty") (Compl. ¶ 8; Comp. Ex. B; Docket No. 48 at ECF pp. 4-5, ¶ 5); ("K. Difilippo Guaranty") (Compl. ¶ 9; Compl. Ex. C; Docket No. 47 at ECF p. 2; Docket No. 48 at ECF p. 5); ("B. Difilippo Guaranty") (Compl. ¶ 10; Compl. Ex. D; Docket No. 47 at ECF p. 2; Docket No. 48 at ECF p. 5).

On April 25, 2014, Dealer and NextGear Capital entered into an Amendment to Demand Promissory Note and Loan and Security Agreement ("Limit Amendment") under which the

Dealer's credit line under the Note was increased to $225,000.00.[2] (Compl. Ex. A, at 23; Docket No. 48 at ECF p. 2). Thereafter, NextGear Capital advanced funds to Dealer and to one or more third parties on Dealer's behalf for the purchase of inventory, in conformity with the terms of the Note and the Advance Schedules. (Compl. ¶ 11; Compl. Ex. A; Docket No. 48 at ECF p. 3). The advanced funds were not fully repaid, thus the Dealer defaulted under the Note owned by NextGear Capital by, *inter alia*, failing to make payments of principal, fees, and/or interest due thereunder. (Compl. ¶¶ 12, 13, 22; Docket No. 48 at ECF p. 3).

NextGear Capital has declared the entire indebtedness under the Note ("Indebtedness") to be due and owing as a result of the occurrence and continuance of an Event of Default. (Compl. ¶ 14; Compl. Ex. A ¶7(a); Docket No. 48 at ECF p. 3). NextGear Capital also has incurred and continues to incur expenses under the Note, including court costs and accruing interest. (Compl. ¶ 17; Compl. Ex. A ¶ 18; Docket No. 48 at ECF p. 3).

Pursuant to the Guaranties, Guarantors are liable to NextGear Capital for payment of the remaining Indebtedness. (Compl. ¶¶ 25, 32, 39; Compl. Ex. B-D; Docket No. 48 at ECF p. 3).[3] Under the terms of the Guaranties, Guarantors waived, *inter alia*, the right to receive notice of demand of any kind. (Compl. ¶¶ 26, 33, 40; Compl. Ex. B ¶ 2(d), Ex. C ¶ 2(d), Ex. D ¶ 2(d); Docket No. 47 at ECF p. 3). The conditions precedent to NextGear's right to recover under the Note and the Guaranties have occurred or have been waived. (Compl. ¶¶ 23, 30, 37, 44; Compl. Ex. A-D; Docket No. 48 at ECF p. 3).

The Guaranties also include provisions for NextGear Capital's recovery of all costs of collection and reasonable attorneys' fees, including "[a]ll reasonable costs and expenses,

---

[2] The Limit Amendment was also signed by Vraney and B. Difilippo. There is a signature for K. Difilippo, but he asserts, via affidavit, that he did not sign the document. (Docket No. 49-1).

[3] Given K. Difilippo's assertion that he did not sign the Limit Amendment, it follows that he contests his liability for any and all remaining balances due. (Docket No. 49 at ECF p. 2).

3

including attorney's fees" incurred to enforce the Guaranties." (Compl. ¶¶ 27, 34, 41; Compl. Ex. A-C; Docket No. 48 at ECF p. 4). As of September 29, 2016, the amount due and owing to NextGear under the Note totals $203,459.71, including principal, interest, fees, and costs of filing. (Docket No. 48 at ECF p. 22-24).

### B. Procedural History

This matter was filed on October 7, 2015, in state court in Hamilton County, Indiana. (Docket No. 1). Thereafter, Defendants removed the state court action to this Court, invoking the Court's diversity jurisdiction. (Docket No. 1-2). On January 7, 2016, Defendants filed a Motion to Transfer to Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), which was denied by this Court on May 17, 2016. (Docket No. 41). Defendants have not filed an answer or otherwise responded to the Complaint since this Court's denial of their Motion to Transfer.[4]

## II. LEGAL STANDARD

Federal Rules of Civil Procedure Rule 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith. Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all

---

[4] Federal Rule of Civil Procedure 8(d) is sometimes applied to avoid unfair surprises by the party who failed to file a responsive pleading. *Pepper v. Village of Oak Park*, 430 F.3d 805, 812 (7th Cir. 2005) (citing *Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 436 (5th Cir. 1987). However, in an instance where the opposing party is not prejudiced, such as when a party gives plain notice of the matter to be litigated failure to file an answer will not be deemed as an admission for the purposes of a summary judgment motion. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955 (2007) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.")).

reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). (citations and internal quotations omitted).

### III. DISCUSSION

In Defendants' Response Brief they oppose four statements of material facts that NextGear Capital has indicated are not in dispute.[5] First, Defendants assert that K. Difilippo did not sign the Limit Amendment of April 25, 2014, which raised the amount K. Difilippo could be liable to $225,000.00. (Docket No. 49-1). Instead, Defendants indicate K. Difilippo only guaranteed $125,000.00 of the debt. (Docket No. 49 at ECF p. 1). Second, Defendants assert that the signature of K. Difilippo on these documents was forged (Docket No. 49 at ECF p. 1). Third, as a result of these facts Defendants contest that K. Difilippo is liable for any and all remaining

---

[5] Defendants fail to heed Local Rule 56-1, which obligates the non-movant "to include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."

balances of the Dealer. (Docket No. 49 at ECF p. 2). Finally, Defendants contest that the notary, who was NextGear Capital's employee, witnessed K. Difilippo's signature. (Docket No. 49 at ECF p. 2).

Therefore, the only facts from NextGear's Facts Not in Dispute are those that apply to Defendant, K. Difilippo, who is only named in Count III, Breach of Guaranty as to Kim T. Difilippo. (Docket No. 1, ¶¶ 31-37). As the non-moving individuals, it is Defendants' responsibility to show that there were genuine issues of material fact in the record that precluded the summary judgment the moving party seeks. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("[A] party opposing a properly supported motion for summary judgment . . . must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is never automatic, though: it may only be granted when the undisputed material facts warrant judgment as a matter of law. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). When a party fails to address an assertion of fact at summary judgment, the court may "consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

It follows that, as to Dealer, Vraney, and B. Difilippo, the factual background above need not be viewed in the light most favorable to them as these facts are undisputed. *Bullar v. Archway Skydiving Ctr.*, 2014 WL 11696715, at *2 (S.D. Ill. Apr. 21, 2014).

### A. Skyline RV Group, LLC – Count I – Breach of Contract

The Court first turns to Count I, Breach of Contract, against Skyline RV Group, LLC. Prevailing in a breach of contract claim requires the existence of a contract, the defendant's breach of the contract, and damages. *See American Family Mut. Ins. Co. v. Matusiak*, 878 N.E.2d 529, 533 (Ind. Ct. App. 2007); *Roger v. American Testing and Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000). On May 14, 2013, Dealer and NextGear Capital entered into the Note, in

the principal sum of $125,000.00, together with interest payable and other charges, whereby Dealer granted NextGear Capital a security interest in all of its assets and properties wherever located, thus a contract was formed. (Docket No. 1-1 at ECF p. 8); *American Family Mut. Ins. Co.*, 878 N.E.2d at 533.  On April 25, 2014, NextGear Capital and Dealer entered into the Limit Amendment under which the Dealer's credit line under the Note was increased to $225,000.00. (Docket No. 1-1 at ECF p. 31). By Dealer's failure to repay funds advanced by NetGear Capital, as evidenced by the Note, the Affidavit of Joshua Polston, Recovery Specialist for NextGear Capital, and the Balance Calculation for Written Off Account Report (last updated September 29, 2016), Dealer defaulted under the loan. (Docket No. 1-1 at ECF p. 8); (Docket No. 48 at ECF pp. 7-11). Finally, NextGear Capital incurred damages. The Note provides for the recovery by NextGear Capital of the principal sum, together with all costs, interest, fees, and expenses and that, in the "Event of Default," NextGear Capital may demand immediate payment of all liabilities under the note. (Docket No. 1-1 at ECF pp. 9, 16). Mr. Polston's (on behalf of NextGear Capital) undisputed affidavit and supporting business record recorded in the ordinary course of regularly conducted business activities provides that as of September 29, 2016, this Indebtedness total $203,459.71, detailed as follows:

- Principal Balance: $174,517.57
- Collateral Audit Fee: $80.00
- Floor Plan Fees: $1,666.96
- Interest (through 12/29/2015): $9,347.84
- Legal Fee (Filing fee): $192.51
- Other Vehicle-Specific Fees, Including Late Fees: $2,234.00
- Repo Fee: $1,125.00
- Post Writeoff Interest (12/30/2015 through 9/29/2016): $14,205.83

(Docket No. 48 at ECF pp. 7-11).

No material facts, therefore, remain in dispute as to Count I. Judgment as a matter of law against Defendant, Skyline RV Group, LLC., is warranted, and Plaintiff's motion for summary judgment as to Skyline RV Group, LLC is accordingly **GRANTED.**

### B. Brandy M. Vraney (Count II) – Brandon M. Difilippo (Count IV) – Breach of Guaranties

"A guaranty is an independent contract, by which the guarantor undertakes in writing, upon sufficient consideration, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person, who is primarily liable to pay or perform." *Indianapolis Morris Plan Corp. v. Sparks*, 172 N.E.2d 899, 902 (Ind. Ct. App. 1961) (quoting *Clannin v. Esterly Harvesting Machine Company*, 118 Ind. 372 (Ind. 1889)). Under Indiana law, three parties are required to properly execute a guaranty agreement: (1) a borrower; (2) a lender; and (3) a guarantor who promises to pay the debt of the borrower upon default to the lender. *Indianapolis Morris Plan Corp.*, 172 N.E.2d at 902.

Thus, to prevail in a breach of guaranty there must be a properly executed contract between the three parties, a breach of that contract, and damages. *See Indianapolis Morris Plan Corp.*, 172 N.E.2d at 902; *American Family Mut. Ins. Co.*, 878 N.E.2d at 533. The enforcement of a guaranty contract is generally a question of law for which summary judgment is appropriate. *Kordick v. Merchants Nat'l Bank & Trust Co.*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986). Where the legal effect of a guaranty contract can be resolved "without the aid of factual determinations," it is proper for the trial court to resolve the matter at summary judgment. *Id.*

On May 14, 2013, Vraney and B. Difillipo executed Individual Guaranties, the Vraney Guaranty and the B. Difilippo Guaranty, in which they guaranteed prompt and full payment of all liabilities and obligations of Dealer pursuant to the Note, thus guaranties were executed. (Docket No. 1-1 at ECF pp. 33-37, 45-49); *Indianapolis Morris Plan Corp.*, 172 N.E.2d at 902.

The Guaranties stated that the guarantor waived the right to "notice of any change in Borrower's credit terms or limits with Lender, including any temporary or permanent increases in Borrower's Credit Line (and Guarantor prospectively consents to any such change)". ([Docket No. 1-1 at ECF pp. 33](#), 45). As established above, Dealer defaulted under the terms of the Note, which also qualifies as an "Event of Default" under the Guaranties pursuant to paragraph four (4), subsection (g). ([Docket No. 1-1 at ECF pp. 35](#), 47). Therefore, Vraney and B. Difilippo's have breached their respective Guaranties. Pursuant to Paragraph 2(d) of the Guaranties, the Vraney and B. Difilippo waived their right to receive notice of Dealer's non-performance under the Note, and further waived the right to receive notice of NextGear Capital's demand for payment from Dealer. As established above, NextGear Capital has been damaged.

Again, no material facts remain in dispute as to Counts II and IV. Judgment as a matter of law against Defendants, Brandy M. Vraney and Brandon M. Difilippo is warranted, and Plaintiff's motion for summary judgment as to them is accordingly **GRANTED.**

### C.  Kim T. Difilippo (Count III) – Breach of Guaranty

K. Difilippo signed the third Guaranty, which in substance and form appears to be identical to those signed by Vraney and B. Difilippo and neither party has presented facts to the contrary. In Defendants response to summary judgment they raise four facts they allege are in dispute, which are pertinent to the claims against K. Difilippo only. In the brief, it is alleged that K. Difilippo only guaranteed $125,000.00 of the debt and that the K. Difilippo signature on the April 25, 2014, Amendment raising the limit to $225,000.00 was forged. ([Docket No. 49 at ECF p. 1](#)). K. Difilippo further alleges that he did not sign to be liable for any and all remaining balances of the Note. ([Docket No. 49 at ECF p. 2](#)). Finally, K. Difilippo alleges that the notary did not witness her sign the document on April 25, 2014, as he did not sign it. *Id.* The response is

9

accompanied by K. Difilippo's four paragraph Affidavit in which he states: "1. My name is Kim T. Difililppo [sic]; 2. I signed the Individual Guaranty of May 14, 2013 before a Notary Public.; 3. I did not sign the Amendment and guarantee [sic] of April 25, 2014 raising the amount to $225,000.00; 4. It was my understanding that my limit was $50,000.00."[6] (Docket No. 49-1). In sum, the Court understands K. Difilippo's argument to be that his liability was discharged by either (1) the execution itself of the Limit Amendment or (2) the alleged forgery of his name on those documents.

NextGear Capital responds to K. Difilippo's arguments by asserting that whether he signed the Limit Amendment or not is legally irrelevant and even if it was relevant the purported defense of "fraud" is without merit and has no basis in facts. (Docket No. 51 at ECF p. 2).

K. Difilippo does agree he signed the May 14, 2013 Guaranty. (Docket No. 49-1). This Guaranty contains the following provision, which the Court referenced before:

> Guarantor hereby expressly waives . . . (vi) notice of any change in Borrower's credit terms or limits with Lender, including any temporary or permanent increases in Borrower's Credit Line (and Guarantor prospectively consents to any such change). . .

(Docket No. 1-1 at ECF p. 39). This provides that K. Difilippo consented to the increase in the Dealer's credit line when he signed the May 14, 2013, K. Difilippo Guaranty.

A guarantor is a surety. Ind. Code 26-1-1-201(40). Ordinarily a surety is released if the creditor, without the surety's consent, makes a binding change in the principal's contract. *Ind.*

---

[6] Defendants' response brief and K. Difilippo's affidavit present several inconsistencies. First, the brief indicates that K. Difilippo did not sign the "Advance Schedule" of May 14, 2013, the "Advance Schedule" of April 25, 2014, the Power of Attorney of May 14, 2014, nor the Amendment of April 25, 2014, yet the Affidavit only states K. Difilippo did not sign the Amendment of April 25, 2014. (Compare Docket No. 49 at ECF p. 2 with Docket No. 49-1). Moreover, K. Difilippo's Affidavit indicates that his limit was $50,000.00, however the brief cites the May 14, 2013, Note's principal sum of $125,000.00, as the limit. (Compared Docket No. 49 at ECF p. 2 with Docket No. 49-1). Nowhere in the Response Brief do Defendants acknowledge or further explain K. Difilippo's statement that his limit was $50,000.00. In considering propriety of motion for summary judgment, court looks to evidentiary items in file and not to conclusions of pleader. Fed. R. Civ. P. Rule 56(c); see also *Nebraska v. Wyoming*, 507 U.S. 584 (1993).

*Univ. v. Ind. Bonding & Surety Co.*, 416 N.E.2d 1275, 1280 (Ind. Ct. App. 1981); Ind. Code 26-1-3.1-601. However, as shown by the factual background, prior consent to increases in Borrower's Credit Line was given by K. Difilippo in the May 14, 2013, Guaranty. The essential question in this case is whether such prior consent is binding.

Indiana recognizes that guarantors may prospectively consent to material changes in the underlying agreement in the guaranty instrument. *See Carney v. Central Nat. Bank of Greencastle*, 450 N.E.2d 1034 (Ind. Ct. App. 1983); *Skrypek v. St. Joseph Valley Bank*, 469 N.E.2d 774, 777 (Ind. Ct. App. 1984). In *Carney*, the court recognized that the authoritative work on "Uniform Commercial Code," Second Edition, White and Summers, Accommodation Parties, S 13-15, p. 527 discusses prospective consent as follows:

> The creditor can forestall a surety's claim of discharge under 3-606 in either of two ways. First, he may procure the surety's express or implied consent to the modification in the relationship with the debtor. Second, by adding a sentence to the modification agreement to 'expressly reserve' his rights against a surety, he bars a discharge. According to Comment 2 to 3-606 the consent may take many forms and come at any time:
>
>> Consent may be given in advance, and is commonly incorporated in the instrument; or it may be given afterward. It requires no consideration, and operates as a waiver of the consenting party's right to claim his own discharge.
>
> An express statement of consent incorporated in the instrument is effective against the surety. However, under 3-118(f) a consent is presumed to be for 'a single extension for not longer than the original period [unless otherwise specified].'"

*Carney*, 450 N.E.2d at 1037 (quoting UNIFORM COMMERCIAL CODE 527 (White & Summers eds., 2d ed.)).

The guaranty executed in *Skrypek* has provisions similar to that in K. Difilippo's May 14, 2013 Guaranty, which the court notes is the same as Vraney and B. Difilippo's guaranties as well. Notably, *Skrypek's* guaranty included:

> Each of the Guarantors waives all notice of acceptance of this contract by the Bank; all notice of the extension of credit from time to time given by said Bank to said Debtor; and all notice of the amount of the indebtedness of the Debtor to the Bank which may exist from time to time, and agree that if any one of the undersigned desires at any time to ascertain the amount of liability accrued under this guaranty, he will make inquiry from said Bank.

*Skrypek*, 469 N.E.2d at 777. There, in granting summary judgment in favor of the bank, the court held that a fair reading of the provisions resulted in a waiver of the notice of extension of credit and notice of the amount of indebtedness; agreement that giving further timer time or taking new or additional security would not operate to discharge the guarantor. *Id.* at 778-79. In this case, K. Difilippo's Guaranty expressly waived notice of changes to Dealer's credit terms or limits with NextGear Capital, "including any temporary or permanent increases in Borrower's Credit Line" and also provides that K. Difilippo "prospectively consents to any such change." (Docket No. 1-1 at ECF p. 39). The Court finds the quoted provisions unambiguous with regard to the issues of consent and extension of credit. The Court fails to see how this provision could be interpreted as requiring NextGear Capital to obtain a new guaranty upon the credit extension nor how the act of obtaining a new guaranty would discharge K. Difilippo's liability under the May 14, 2013, Guaranty. Contrary to K. Difilippo's assertions, the execution of a subsequent guaranty is not listed as an occurrence resulting in termination of the May 14, 2013, pursuant to paragraph three (3) of that Guaranty. (Docket No. 1-1 at ECF p. 40). None of the authorities cited in Defendants' brief involved discharge of a guarantor where there was consent or waiver language in the guaranty agreement.

Thus, the Court finds that the factual question of whether K. Difilippo signed the Limit Amendment is legally irrelevant as to whether K. Difilippo is liable under the original Note as modified by the Limit Amendment terms. K. Difilippo consented to the limit increase when he signed the May 14, 2013, K. Difilippo Guaranty and this consent is binding. Because the Court finds K. Difilippo's signature on the Limit Amendment is legally irrelevant as to his liability under its terms, the court will not address NextGear Capital's second argument, which is that K. Difilippo's affirmative defense, characterized by Plaintiff as fraud, was not plead with particularity as required by Fed. R. Civ. P. 9(b).[7]

For these reasons, no material facts remain in dispute as to Count III. Judgment as a matter of law against Defendant, Kim T. Difilippo, is warranted, and Plaintiff's motion for summary judgment as to Kim T. Difilippo is accordingly **GRANTED.**

For the reasons set forth above, the Court **GRANTS** plaintiff's motion for summary judgment. The Court grants plaintiff's summary judgment on Count I, Count II, Count III, and Count IV in the amount of $203,459.71, for which Skyline RV Group LLC, Brandy M. Vraney, Kim T. Difilippo, and Brandon M. Difilippo shall be jointly and severally liable. The Clerk is directed to enter **FINAL JUDGMENT** stating that the Plaintiffs are entitled to relief ordered

---

[7] While Plaintiff has labeled K. Difilippo's defense as fraud, K. Difilippo's response brief is not clear as to whether he is alleging forgery or fraud. The Court notes forgery and fraud are separate defenses and the former need not be plead with particularity. *Compañía Administradora de Recuperación de Activos Administradora de Fondos de Inversión Sociedad Anónima v. Titan Intern'l, Inc.*, 2005 WL 3021976, at *2 (C.D. Ill. Nov. 10, 2005). To the extent K. Difilippo's is alleging fraud, the Court agrees with NextGear Capital, that it was not plead with necessary particularity. See *DiLeo v. Ernst & Young*, 901 F.3d 624, 627 (7th Cir. 1990) (To meet the particularity requirement, fraud allegations must set forth the "who, what, when, where, and how.").

herein. In light of such an entry of final judgment, the Clerk is further directed to **CLOSE** the matter.

**SO ORDERED.**

Date: 2/6/2017

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.